Johnson v. The Southern Mutual Life Insurance Company.

CASE 83—EQUITY—JUNE 9, 1881.

# Johnson v. The Southern Mutual Life Insurance Company.

APPEAL FROM LOUISVILLE CHANCERY COURT.

| | |
|---|---|
| 79 | 403 |
| 91 | 359 |
| 79 | 403 |
| 92 | 435 |
| 79 | 403 |
| 102 | 88 |
| 79 | 403 |
| 109 | 631 |
| 79 | 403 |
| e117 | 30 |
| 79 | 403 |
| 119 | 167 |
| 119 | 266 |
| 79 | 403 |
| 136 | 396 |

1. The retention of Johnson's note by appellee as its property, after the the request had been made that it issue a paid-up policy, was sufficient evidence of further grace, and a determination to demand the payment thereof.

2. Inasmuch as appellee did not notify Johnson of the forfeiture of his policy, and did not offer to surrender his note, he had the right to treat the action of appellee as a waiver of the forfeiture and a continuance of the credit extended to him for the premium embraced in part in the note.

3. In order to inflict a forfeiture, the Company is required to adhere inflexibly to the contract and its modifications, and they must not attempt to secure profits which may result from the variation of its terms and the inability of the assured to comply with the added or altered conditions. .

4. The offer to surrender the original policy and the demand for a new and paid-up policy were made within a reasonable time.

D. M. RODMAN AND J. K. GOODLOE FOR APPELLANT.

1. We insist that appellee cannot forfeit $600 by reason of the failure to demand a paid-up policy within thirty days after the note for $107 was due. It cannot enforce a forfeiture for failing to pay the note and still retain it as its property.

2. The demand for a paid-up policy was made in a reasonable time. (Montgomery v. Phœnix Mut. Ins. Co., 10 Bush, 64; 9 Dana, 151.)

3. The failure to pay the note at maturity did not render the note or policy void. (2 Parsons on Cont., 677; 33 E. C., 38; Chitty on Cont., 1092.)

BARRETT & BROWN FOR APPELLEE.

1. The assured should have surrendered the original, and demanded a paid-up policy within a reasonable time. (7 Ins. Law Journal, Ills., 23.)

2. The opinion of this court upon the former appeal is the law of the case. (Davis v. McCorkle, 14 Bush, 746.)

3. The case of Montgomery v. Phœnix Life Ins. Co. is not in point. There is no identity of condition in the two policies. (MS. Opinion in this case, March 14, 1878.)

Johnson v. The Southern Mutual Life Insurance Company.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

October 21, 1869, Jilson P. Johnson's life was assured by the appellee, the Southern Mutual Life Insurance Company, in the amount of four thousand dollars, to be paid to his wife, if she should survive him, within ninety days after notice and evidence of his death, "deducting therefrom the amount of all unpaid notes given for premiums or loans on this policy, and all deferred premiums."

The consideration for the policy was $129.88, in hand paid, at its issuance, and of the annual premium of a like sum, to be paid on or before the 21st day of October in every year during the continuance of the policy.

It was stipulated that in case the assured failed to pay the annual premiums as they became due, the Company should not be liable to pay the sum insured, or any part thereof, and the policy should cease and determine.

The following provision is also contained in the policy:

"Provided, that if this policy shall become null and void by reason of the violation of any of the foregoing conditions, all payments made hereon shall be forfeited to said Company; *but if three or more full years' premiums shall have been paid hereon, a new and paid-up policy will be issued by said Company, upon demand thereof, within thirty days after the said forfeiture, for the equitable value of the original policy.*"

Johnson paid the annual premiums to October 21, 1874, covering a period of five years.

The Company loaned to him on each of the 1st and 2d annual premiums the sum of $43.

For the annual premium due October 21, 1875, he paid $22.88, and executed his promissory note on that day for

the residue of the premium, payable ninety days after date, with interest at eight per centum per annum until paid.

He failed to pay the note at its maturity, and on the 7th of February, 1876, he was notified by the Company that it claimed the forfeiture of his policy. During Christmas week, 1876, Johnson, through his agent, demanded a new and paid-up policy for the equitable value of the original policy, which he at the same time offered to surrender.

The Company refused to accept the original, or issue a paid-up policy.

Thereafter, on the 1st of February, 1877, Johnson and wife instituted this action to compel the Company to issue to him a paid-up policy.

They alleged substantially the facts above recited.

To the petition a demurrer was sustained, and upon their appeal the cause was reversed, the court, in its opinion, saying:

"We do not regard time as so much the essence of this covenant in the contract that appellant forfeits his right to a paid-up policy by a failure to apply within the prescribed time. He should, however, have surrendered the original, and demanded a paid-up policy within a reasonable time."

The Company, on the return of the cause, filed an answer, relying principally upon the ground that the demand for a paid-up policy was not made within a reasonable time. Upon that issue, the court again rendered judgment against them, and Mrs. Johnson, her husband having died, prosecutes this appeal.

The execution of the note for $107, and the extension of time for its payment beyond the day on which the annual premium was agreed to be paid for the year ending October 21, 1875, did not constitute a waiver of the forfeiture of

the policy upon the part of the Company, but it was an agreement not to enforce the consequences of the forfeiture for ninety days after the period at which it was originally agreed the forfeiture should take place.   (10th Bush, 314.)

But the assured was entitled to the policy, so far as the payment of the $22.88 would carry it beyond the period for the payment of the whole premium for that year.

And the execution of the note only alters the time of payment of the annual premium for the year it was given; but its acceptance sheds considerable light upon the meaning of the clauses of the contract above quoted.

The expressed reservation of the right to deduct from the amount of the policy all unpaid notes given for premiums, evidences the supposed contingency that has happened in this case, that notes could be given for annual premiums, and collected by the Company after their maturity, either by deduction from the amount assured, or by suit thereon, so long as they remained unpaid and the property of the Company.   ·

The appellee, upon entering up the forfeiture it claims, and giving notice thereof to Johnson, did not offer to surrender his note, but retained it long after demand had been made by him for a new and paid-up policy, and alleges in its answer that "said note is owned and held by defendant."

The retention of the note by the Company as its property was sufficient evidence of further grace, and a determination upon its part to demand the payment thereof after the request to issue the paid-up policy had been made.

It could not own the note and receive the benefit of the forfeiture also.

The right of the forfeiture results from the failure of the assured to pay the annual premiums at maturity, and when-

Johnson v. The Southern Mutual Life Insurance Company.

ever the forfeiture is properly claimed, the note or promise to pay the premium ceases to rest upon any consideration, as the only consideration of the note or promise is its power to carry the policy, and that being destroyed by the forfeiture, leaves it *nudum pactum*.

By the express contract, the power of the note executed by Johnson to carry the policy beyond the annual period for the payment of premiums, was limited to ninety days, and it could have continued no longer had the Company notified Johnson of the forfeiture of his policy, and surrendered or offered to surrender his note and all claim thereto.

But as it did not do so, he had the right to treat the action of the Company as a waiver of the forfeiture, and a continuation of the credit extended to him for the premium embraced in part by the note.

While the right to forfeit a policy exists when the assured fails to pay his annual premium, still it is not recognized because of any inherent justice in itself, but solely on the necessity of prompt payment, arising from the nature of life insurance, and of the rights of others assured and mutually interested in the continued ability of the Company to meet its obligations. If the Company intended to insist upon the failure to demand a paid-up policy, either within thirty days or a reasonable time after Johnson's note became due, it should have returned his note, and released him from all obligation thereon. (14 Bush, 71.)

And in order to inflict the forfeiture, the Company is required to adhere inflexibly to the contract and its modifications, and to avoid attempting to secure profits which may result from the variation of its terms, and the inability or neglect of the assured to comply with the added or altered conditions.

It follows, therefore, that the right of the Company to claim the forfeiture for the year ending October 21st, 1875, was waived by the retention of Johnson's note, and no further right of forfeiture accrued to it until his failure to pay the annual premium, which became due October 21st, 1876.

As the Company gave him no notice thereafter that it would treat his policy as forfeited, it might well be questioned whether the Company could claim a forfeiture in this case, even without a tender of the original and a demand of a new policy by Johnson.

But regarding the suit begun by him and his wife on February 1st, 1877, as notice of the Company's assertion of the right to forfeit for the non-payment of the annual premium due October 21st, 1876, still the whole period between that date and the institution of the suit was but a little over three months, within which, during Christmas week, demand of a paid-up policy was made by Johnson's agent, and this, too, within two months and ten days after a forfeitable failure to pay had occurred.

And without adopting the former decision herein for a precedent in any other, but regarding it as the settled law of this particular case, we are of the opinion that an offer to surrender the original and the demand of a new and paid-up policy were made within a reasonable time.

Wherefore, the judgment is reversed, and cause remanded, for further proceedings consistent with this opinion.