CASE 67—PETITION EQUITY—MARCH 19.

# Hexter v. United States Life Insurance Co.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. LIFE INSURANCE—RIGHT TO EQUITABLE VALUE UPON DEFAULT IN PAYMENT OF PREMIUM.—Where a policy of life insurance provides that if the insured shall fail to pay the premiums at the times stipulated in the policy the company "shall not be liable to the payment of the sum insured, or any part thereof, and this policy shall cease and determine, provided that  *   *   *   upon a surrender of the same, provided such surrender is made to the company within twelve months from the time of such ceasing, a new policy will be issued for a proportion of the premiums paid," the insured, upon default in the payment of any premium, is not entitled to recover any part of the sum insured, as the liability of the company, except for a paid-up policy, ceases and determines altogether, there being no provision, either express or implied, that the liability of the company for a proportionate part of the policy should continue.

Hexter v. United States Life Insurance Co.

The provisions of the policy in this case are different from those in that ·class of cases to which Montgomery v. Insurance Company, 14 Bush, 51, belong.

2. SAME—FAILURE TO APPLY FOR PAID-UP POLICY WITHIN TIME STIPULATED.—Under such a contract of insurance the company is not liable for a paid-up policy unless the insured applies within the time · stipulated in the contract. The provision limiting the time within which the insured may apply for a paid-up policy is an essential part of the contract, and is not in the nature of a penalty, as it is in cases where the liability of the company for a proportionate part of the policy is expressly reserved or clearly implied.

FINCH & FINCH, DODD & DODD, CHARLES S. GRUBBS FOR APPELLANT.

Brief not i₁ record.

Cases cited in petition for rehearing: Montgomery v. Insurance Co., 14 Bush, 51; Johnson v. Insurance Co., 79 Ky., 408, Insurance Co. v. Fort, 82 Ky., 269; Insurance Co. v. Montague, 84 Ky., 653; Insurance Co. v. Grigsby, 10 Bush, 317.

AUGUSTUS E. WILLSON FOR APPELLEE.

1. By the laws of New York and Pennsylvania, the only States in which any of the transactions took place, the provision requiring a surrender of the policy within twelve months is valid and binding, and as an action could not be maintained in those States by reason of that lapse of time, an action can not be maintained here. (Gen. Stats., chap. 71, art. 4, sec. 19.)

   If a contract made in another State is not enforceable there, it will not be enforced here. (Ford v. Buckeye Insurance Co., 6 Bush, 140; Archer ⁊. Insurance Co., 2 Bush, 227.)

2. The stipulation that in case the insured shall not pay the premium reserved the company shall not be liable to the payment of the sum insured, or any part thereof, and the policy shall cease and determine, is valid in Kentucky, as well as everywhere else.

3. The fifteen-year Kentucky limitation is a valid defense. The right to recover the new policy is barred by the *lex fori*, and, therefore, the right to recover the money it would have agreed to pay is barred.

WILLSON & THUM OF COUNSEL ON SAME SIDE.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The provision of the policy sued on is as follows: "And it is understood and agreed that in case the

said Barbara Hexter shall not pay the said premiums as above reserved on or before the several days hereinbefore mentioned for the payment thereof, then, and in every such case, the said company shall not be liable to the payment of the sum insured, or any part thereof, and this policy shall cease and determine, provided that if, after the receipt by this company of not less than two whole years' premiums, this policy should cease in consequence of the non-payment of premiums, then upon the surrender of the same, provided such surrender is made to the company within twelve months from the time of such ceasing, a new policy will be issued for a proportion of the premiums paid."

This policy was issued to the appellant in January, 1867, upon the life of her husband for the sum of two thousand dollars, and nearly fifteen years after the appellant had ceased to pay the premiums, the husband in the meantime having died, she brought suit on the policy to recover the sum of one thousand one hundred and fifty dollars, which is the sum due, as she claims, on the policy by reason of having paid more than two whole years' premiums. It is admitted that the appellant, before the premiums were all paid, ceased to pay any more of them, and the appellee contends that in consequence thereof its liability on the policy ceased in toto, and the appellant has no right of action thereon; that the only right the appellant had was to surrender the policy within a year and obtain a paid-up policy for the proportionate part, and she having failed to do so, she is barred of that right. The appellant contends

that the case stands on all fours with the cases of Montgomery v. Phœnix Mutual Life Insurance Co., 14 Bush, 51; Johnson v. Insurance Co., 79 Ky., 403; Insurance Company v. Montague, 84 Ky., 653; Insurance Co. v. Grigsby, 10 Bush, 317.

In the Montgomery case the provision in the particular under discussion was as follows: "If said premiums shall not be paid at the office of the company in the city of Hartford, Connecticut, or to an agent of the company on or before the date above mentioned, then, in every such case, the said company shall not be liable for the payment of the whole sum assured, but only for a part thereof, proportionate with the annual payments, &c., and this policy shall cease and determine."

The policy also provided that in case of non-payment, the insured might, within a year, surrender the policy, and obtain a paid-up policy for the proportionate part, &c. This court held in said case that in case of the non-payment of the premiums as in the policy provided, the company was liable to an action on the policy for the cash in proportion to the annual payments made; that the policy ceased and determined only as to the balance, or that if the assured wished he could waive the cash payment, and by surrendering the policy obtain a paid-up policy for the proportionate part. The language of this policy clearly admits the company's liability on it for the proportionate part in cash, and this liability exists according to ordinary written contract liabilities, and the liability continues thereon until barred by the time that ordinarily bars such contracts.

In the other cases relied on the companies, by the terms of the policies, were clearly liable on them for the proportionate part of the sum insured in case of a failure to keep the premiums paid up, and in consequence of this liability it was held that the forfeiture provided for in case the assured failed to surrender the policies within a given time, in some instances only thirty days, and obtain paid-up policies, was intended as a penalty, which a court of equity would relieve against.  Such relief is granted upon the familiar principle that where the party against whom the forfeiture is claimed will be placed in a· worse condition if the forfeiture is enforced, and a failure to enforce it will not affect the other parties' equitable rights under the contract, a court of equity will relieve against such forfeiture upon the ground that it is a penalty which a court of equity will not enforce against justice, the court presuming, in such case, that the parties never intended the enforcement of the penalty if its enforcement worked an injustice. But the Montgomery and Grigsby cases distinctly decide ·that the conditions of the policy in life insurance providing for forfeitures for the non-payment of premiums in exact accordance with the terms of the agreement have been upheld and enforced by courts. Such forfeitures are not regarded·as being in the nature of penalties. It is considered that in agreements of this character time is of the essence of the contract. They are to be kept in force from year to year at the will of the insured. The right to keep the policy alive by the payment of stipulated premiums is a privilege secured to the insured by his agreement

with the insurer. He may exercise or abandon this privilege at his discretion. But if he does abandon it, those beneficially interested can not complain that the insurer refuses longer to be bound by a contract that has lost all the elements of mutuality. (See the Grigsby case, *supra*, opinion by Judge Lindsay.)

Also, in the Montgomery case it is decided that the provision of forfeiture will be considered as a part of the contract, and will be enforced "when the nature of the transaction or the stipulation of the parties shows that it was so intended by them."

So the question is, does the stipulation in the policy under consideration fall within the first or second category named?

It will be seen that the policy expressly provides that in case the appellant shall not pay the premiums as provided, the appellee "shall not be liable to the payment of the sum insured, or any part thereof." Here, unlike the provisions in the other cases referred to, is an express stipulation that the appellee shall not be liable to pay any part of the sum insured if the appellant fails to perform her part of the contract. Such is the agreement. Why should it be construed as an essential part of the contract requiring the appellant to pay the annual premiums as a precedent condition? Because, first, the appellant had the right to abandon the contract, and the appellee had no remedy against her for so doing, consequently they agreed that the appellee should be released if the appellant abandoned her contract; second, the nature of the appellee's business required promptness in the payment of the annual premiums. These con-

siderations doubtless induced the making of the agreement, which were sufficient to uphold the agreement as an essential part of the contract, and not as a mere penalty. Also, the agreement to issue a paid-up policy for the proportionate part of the sum insured, provided the policy was surrendered within a year, did not have the effect of continuing the appellee's liability on the policy, but it had the effect of giving the appellant a new and only right in case she forfeited the right to the payment of any part of the policy, provided she surrendered the policy within a year after she had forfeited it. This proviso was not intended as a penalty, but as an essential part of the contract, having for its consideration a reasonably certain business rule, equally for the protection of the appellee and its assured; for to allow the assured to abandon the performance of his contract for years, without any remedy in favor of the company, and then make the company liable, would make its business too precarious to be at all safe for itself as a business enterprise, and render the claims of other policy-holders, who had kept their contracts, uncertain and perhaps worthless. To avoid this uncertain and unequal condition, the appellant and appellee adopted the rule requiring the appellant, after she had failed to comply with her contract, and forfeited the right to the payment of any part of the sum insured, if she wished to avail herself of the new contract provided for, to apply within a year from such forfeiture. This she could do without any inconvenience to herself, save that that usually attends simple business transactions; and at the same time

the appellee's business (so far as this matter is concerned) would be kept in reasonable bounds. Hence, it is evident that the performance of this stipulation, both as to payment and time, was made a condition precedent—an essential part of the contract; and the appellant having failed to perform either, she has no cause of action. But in some of the cases referred to the liability on the policy for a proportionate part of it was expressly reserved, and in the others it was clearly implied; hence, the court held that the stipulated forfeitures were intended as penalties, against which courts of equity would grant relief; and if it became necessary in order to grant such relief, it would allow a reasonable time, notwithstanding the time fixed in the policy.

The judgment is affirmed.