CASE 14—PETITION EQUITY—OCTOBER 20.

# Mutual Life Insurance Co. of New York v. Jarboe, Etc.

APPEAL FROM MARION CIRCUIT COURT.

1. LIFE INSURANCE—PAID-UP POLICY—FORFEITURE OF RIGHT TO.— Under the provision of a policy of life insurance that "after three full annual payments have been paid upon this policy, the company will upon the legal surrender thereof before default in payment of any premiums, or within six months thereafter, issue a non-participating policy for paid-up insurance, payable as herein provided, for the proportion of the amount of this policy, which number of full years premium paid bears to the total number required," time is not of the essence of the contract, and the insured does not forfeit his right to such paid-up policy by a failure to demand it, or to surrender the original policy within six months after default. The original policy being dead the insured is not required to surrender it before bringing suit for the paid-up policy.

GRUBBS & MORANCY FOR APPELLANT.

1. Neither of the conditions upon which the policy holder was entitled to the paid-up policy were complied with. He neither surrendered the policy before default nor within six months afterwards, and did not demand the paid-up policy within that time. He can not come into a court and enforce this right which he has lost under the terms of the policy. Hexter v U. S. Life Insurance Co., 91 Ky., 335 (1891); N. W. Mutual Life Insurance Co. v. Barber, 92 Ky., 427 (1891); McLaughlin v. Equitable, 57 N. W., 537-38 Neb., 725 (1894); Shearer v. Manhattan, 20 F. R., 886 (1884); Universal Life v. Whitehead, 10 Ins. L. J., 337 (1880); Am. Ins. Co. v. Woodruff Insurance, L. J., 668 (1876); Universal Life v. Devore Ins., L. J., 337 (1892).

GRUBBS & MORANCY, EDWARD LYMAN SHORT AND FREDERICK L. ALLEN IN PETITION FOR REHEARING.

1. The assured can have no right to a paid-up policy after default in payment of premium, unless he surrenders the original policy and demands paid-up insurance within the stipulated time.  Hexter v. U. S. Life Ins. Co., 91 Ky., 356; N. W. Mut. Life Ins. Co. v. Barbour, 92 Ky., 427; Sheerer Gdn. v. Manhattan Life Ins. Co., 20 Fed. Rep., 886; Knapp v. Homeopathic Mut. Life Ins. Co., 117 U. S., 411;  N. Y. Life Ins. Co. v. Statham, &c., 93 U. S. Repts., S. C., 24; Universal Life Ins. Co. v. Whitehead, 38 Amer. Repts., S. C. 322, 58 Miss., 226; McLaughlin v. Equitable Life Ass'n Sty., 57 N. W. Rep., 557; Hudson v. Knickerbocker Life Ins. Co., 1 Stewart N. J. Eq. Rep., 167; People v. Widows and Orphans Ben. Life Ins. Co., 15 Hun., 8; Smith v. National Life Ins. Co., 103 Pa. St., 177; Klein v. Ins. Co., 104 U. S. Rep., S. C. 88; Universal Life Ins. Co. v. Devore, 83 Va., 267; Phoenix Mut. Life Ins. Co. v. Baker, 85 Ill., 410; Chase v. Phoenix Mut. Life Ins. Co., 67 Me., 85; Att'y Gen'l v. Continental Life Ins. Co., 93 N. Y., 70; Williams v. Republican Ins. Co., 19 Mich., 469; Pitt v. Berkshire Ins. Co., 100 Mass., 500; Robert v. N. E. Mut. Life Ins. Co., 1 Disney (Ohio); Coffey v. Universal Life Ins. Co., 70 Fed. Rep., 301; Moses v. Brooklyn Life Ins. Co., 50 Ga., 196; Thompson v. Knickerbocker Life Ins. Co., 104 U. S., 252; Knickerbocker Life Ins. Co. v. Pendleton, 112 U. S., 696; 2 Joyes on Insurance, sec. 1185.
2. Cases distinguished.  Montgomery v. Insurance Co., 14 Bush, 51; Johnson v. Mut. Life Ins. Co., 79 Ky., 404; State Mut. Life Ins. Co. v. Montague, 84 Ky., 655.
3. As to overruling previous decisions.  South's Heirs v. Thomas' Heirs, 7 T. B. Mon., 62; Tribble v. Taul, 7 T. B. Mon., 456; Deposit Bank of Owensboro v. Daviess County, 19 Ky. L. Rep., 265.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This suit was instituted in the Marion Circuit Court by the appellees against the appellant seeking to obtain judgment for a paid-up insurance policy.  It appears from the petition that a $3,000 policy of life insurance was issued by appellant on the life of said Benjamin F. Jarboe, payable to his wife, appellee herein.   Said policy was issued on what is known as the twenty-year distribution plan, and on

[6]

which said Jarboe was to pay only twenty annual payments. The annual premiums amounted to $93.30 each. It is alleged that appellee paid the three first annual payments, the last of which was made January 2, 1891. It is alleged in the petition that plaintiff was unable to pay the premium falling due January 2, 1892. It is also alleged in the petition that after the payment of three annual payments appellees were entitled to a paid-up policy for the sum of $450, and that before the filing of this suit the appellees demanded of Will R. Ruble, acting agent of appellant, a paid-up policy for the said sum. Appellees averred that they were ready to deliver and surrender to appellant the policy aforesaid, and all their right, claim and interest in same on the issuing and delivering to appellees a paid-up policy for the sum of $450, and that appellant and its agents failed and refused to issue to appellees any paid-up policy, and failed and refused to deliver same or to issue any paid-up policy on their making the demand as above stated. It is alleged that said policy should be made payable to Hattie Jarboe at the death of said Benjamin F. Jarboe.

It is also claimed in the petition that there should be added to the sum of $450 dividends thereon. The insurance policy was made part of the petition. One of the provisions reads as follows: "After three full annual payments have been paid upon this policy the company will, upon the legal surrender thereof before default in payment of any premiums, or within six months thereafter, issue a nonparticipating policy for paid-up insurance, payable as hereinafter provided, for the proportion of the amount of this policy which number of full year's premium paid bears to the total number required."

Appellant demurred to the petition, which demurrer was overruled by the court; thereupon appellant filed its answer, which may be taken as a traverse of all the material averments of the petition, except the fact of the issual of the policy as claimed and the payment of three payments. Appellees' demurrer to the answer was sustained by the court, and appellant failing to plead further judgment was rendered directing the appellant to issue and deliver to plaintiffs a nonparticipating paid-up policy for the sum of $450 on the life of plaintiff, Benjamin F. Jarboe, payable at the death of said Benjamin F. Jarboe to his wife, Hattie Jarboe, etc., and from that judgment this appeal is prosecuted.

The contention of appellant is that inasmuch as the policy issued by it to the appellees was not surrendered before default in the payment of premium had occurred, or within six months thereafter that the right to the paid-up policy was forfeited, or the obligation of appellant to issue a paid-up policy had terminated, and cites Hexter v. U. S. Life Insurance Co., 91 Ky., 357; and Northwestern Mutual Life Insurance Co. v. Barbour, 92 Ky., 429, in support of its contention.

It will be seen from an examination of the first-named case that the policy was issued in 1867, and that nearly fifteen years thereafter, the assured in the meantime having died, suit was brought to recover upon the policy, hence the facts in the case at bar are essentially different from the case, *supra.*

In the case in 92 Ky., 429, it will be seen that several notes were executed by the assured for the payment of premiums and default made as to the payment of the notes;

that no money was ever paid upon the policy, either as premiums or interest on the notes given for the premiums after December 3, 1884, and when default was made December 8, 1886, there was indebtedness for premiums of the prior date and of interest about $100, and within about three years thereafter the action was brought to recover. That case is unlike the case at bar.

The case of Montgomery v. Phoenix Mutual Life Insurance Co., 14 Bush, 51, is a well-considered case, and in which, it seems to us, the question involved is practically the same involved in the case under consideration. The appellee in that case had issued a policy of insurance to Montgomery on his life in the sum of $10,000, payable in ten annual payments. Among other conditions the following condition was embraced in the policy: "It being understood and agreed that if, after the receipt by this company of not less than two or more annual premiums, this policy should cease in consequence of the nonpayment of premiums, then, upon a surrender of the same, provided such surrender is made to the company within twelve months from the time of such ceasing, a new policy will be issued for the value acquired under the old one, subject to any notes that may have been received on account of premiums; that is to say, if payments for two years shall have been made it will issue a policy for two-tenths of the sum originally insured; if for three years, for three-tenths, and in the same proportion for any number of payments without subjecting the assured to any subsequent charge except the interest annually in advance on all premium notes remaining unpaid on this policy."

It seems after making five payments, assured made de-

fault and failed to surrender the policy or to demand a new one within the time prescribed in the policy. The beneficiary in the policy, Mrs. Montgomery, brought suit to recover five-tenths of the amount insured. The court below dismissed her petition and she prosecuted an appeal to this court. The court in discussing the question said: "Three questions are presented for decision, which may be stated thus:

"1st. Did the failure to surrender, or to offer to surrender, the policy within twelve months after the default in the payment of premiums release the company from any further liability on the policy, or any part of the sum insured?

"2d. Was the policy forfeited by the failure to pay the note for $129.40 when due?

"3d. If the foregoing questions be answered in the negative how much is the appellant entitled to recover?"

The court further said: "Prior to September 5, 1872, the insured had paid for four full annual premiums, and on that day had a right to demand a paid-up policy for $4,000, not ex gratia, as appellee's counsel seems to intimate, but because it had been paid for. Each annual premium paid for carrying the policy for the current year and for $1,000 of paid-up insurance, and at the end of four years a paid-up policy was as certainly paid for, at the contract price, as the four years of current insurance.

"If, as we assume for the present, the premium for the year commencing September 5, 1872, was not paid, the stipulation is that the company shall not be liable for the payment of the whole sum assured, but only for a part thereof

proportionate to the annual payments made as above speci-
fied, and this policy shall cease and determine."

We quote further from the case *supra:* "Time is not gen-
erally of the essence of contracts (Story's Equity, section
776). It may be so when the contract is executory on both
sides, or when the nature of the transaction or the stipula-
tion of the parties shows it was so intended by them. But
when the defendant has received the entire consideration for
performance on his part, and has no other defense except
that the plaintiff did not come within the stipulated time
to demand performance, we are not acquainted with any
authority or legal principle upon which such a defense can
be upheld in a court of equity. If for any reason the defend-
ant has become unable to perform his agreement, or per-
formance would be more difficult or onerous at the time of
the demand than it would have been at the time stipulated,
there might be plausibility in such a defense, and a court of
equity would no doubt either deny all relief to the plaintiff
or grant relief upon terms that would compensate the defend-
ant for the additional burden resulting from the plaintiff's
delay. But nothing of the kind is pretended in this case.
The proposition upon which this branch of the company's
defense rests in this, and nothing more. It is admitted
that the assured paid for a paid-up policy for $4,000, and if
the old policy had been surrendered at any time between
September 5, 1872, and September 5, 1873, the company
would have been bound to issue a new policy for that sum,
and because the old policy was not surrendered within that
time that the assured has lost the benefit of $4,000 of paid-
up insurance."

It will be seen from the policy in the case at bar that it was distinctly provided that if the assured paid three annual payments he was then entitled to a paid-up policy in proportion to the premiums paid, provided he surrendered the policy before he made default, or within six months after default in the payment of premiums. It is clear under the contract that the three payments not only continued the policy in force for the time being, but also paid, at the election of the assured, for a paid-up policy in proportion to the premiums paid. The contract has none of the elements of an offer to sell, but it is a clear case in which the assured has bought and paid for a certain thing. It has a stipulation in effect that he shall demand it within six months after his abandonment of the other benefits acquired under the same contract. The only defense presented in this case is the simple fact that the appellees had not, within six months after the failure to pay the premium due, surrendered the original policy and demanded the issuing of the other. It is not pretended that it was any more difficult or expensive for the appellant to issue a paid-up policy when demanded than if it had been demanded at the end of the six months, nor can it be of any pecuniary consequence to defendant whether the forfeited policy was delivered up before the institution of this suit. The original policy, being dead and of no effect, could be of no value to any person.

It seems clear to us that under the principles announced in Montgomery v. Phoenix Mutual Life Insurance Co. that the appellees were entitled to recover in this action, and we adhere to the doctrine announced in that decision. To the extent, if any, that the principles announced in the de-

cisions of the Northwestern Mutual Life Insurance Co. v. Barbour and Hexter v. U. S. Life Insurance Co. conflict with the doctrine announced in Montgomery v. Phoenix Mutual Life Insurance Co., they are overruled. (79 Ky., 403, and 84 Ky., 653.)

For the reasons indicated the judgment is affirmed.