CASE 21—ACTION BY SANTFORD C. LYNE AND OTHERS AGAINST THE
WASHINGTON LIFE INSURANCE CO. FOR A PAID-UP POLICY.—Nov. 30.

# Washington Life Ins. Co. v. Lyne, &c:

APPEAL FROM FAYETTE CIRCUIT COURT—WATTS PARKER, CIRCUIT
JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.    AFFIRMED.

LIFE INSURANCE—PAID UP POLICY—SUIT FOR POLICY—LIMITATION.

Where a policy provides that the insured shall, upon the lapse
of the policy for nonpayment of a premium, be entitled to
a paid-up policy, provided he applies therefor and surrenders the
original within six months of the lapse, insured, having made
a demand within five years from the lapse, was entitled to sue
for a paid-up policy within fifteen years from the lapse under
the express provisions of the statute.

HAZELRIGG, CHENAULT & HAZELRIGG, FOR APPELLANT.

1. We submit that under the terms of the contract of insur-
ance Mrs. Lyne and her children are now, and always were, the
only parties who could have sued on this contract. They were
the "assured" under the policy which was applied for by Mrs.
Lyne, so that Lyne was entitled to nothing under the contract,
whether he lived until April 14, 1904, or died before that date.

If this be true, he could not join those as plaintiffs with him,
who ought to have brought the suit in the first place, and this
may be taken advantage of by demurrer or by plea, and we
have done both. L. & N. R. Co. v. Brantley's Admr., 16 R., 691.

2. After making twelve complete annual payments, the assured
failed to make the one due April 14, 1896, and thereafter the
old policy was of no value, save it was continued in force by
dividend additions to the credit of the policy on April 14, 1896.

3. We say the time began to run the moment they could have
sued, which was April 14, 1896, or at least October 19, 1896,
and more than five years having elapsed, the bar is complete.
Miles case, 23 R., 1705; N. Y. L. v. Warren Deposit Bank, 25
R., 325; Equitable Assurance Society v. Warren Dep. Bank, 75
S. W., 275; Manhattan, &c. v. Patterson, 22 R., 1283; Mutual
Life v. O'Neil, &c., 25 R., 983.

. Washington Life Ins. Co. v. Lyne, &c.

SHANKLIN & WORTHINGTON, FOR APPELLEES.

## SUBJECTS DISCUSSED AND AUTHORITY.

1. The person upon whose life the policy is issued is the proper person to make demand for paid-up policy, to pay the premiums during the life of the policy, and to bring suit together with the beneficiaries for the paid-up policy or its proceeds.

2. The surrender of the original policy is not essential at any time. Mutual Life Ins. Co. v. Jarboe, 102 Ky., 87; Washington Life Ins. Co. v. Miles, 23 Ky. Law Rep., 1705; Montgomery v. Phœnix, &c., Co., 14 Bush, 65.

3. The courts do not favor forfeitures. In insurance policies the premiums by express convention paid for both current insurance and the paid-up policy. Montgomery v. Phœnix Mutual Life Ins. Co., 14 Bush, 65; Johnson v. Southern Mutual Life Ins. Co., 79 Ky., 407; Southern Mutual Life Ins. Co. v. Montague, 84 Ky., 654.

4. The cases of Hexter v. U. S. Life Ins. Co., 91 Ky., 356, and N. W. Mutual Life Ins. Co. v. Barbour, 92 Ky., 427, were expressly overruled in Mutual Life Ins. Co. v. Jarboe, 102 Ky., 80; and this case is followed by Manhattan Life Ins. Co. v. Patterson, 22 Ky. Law Rep., 1287; Washington Life Ins. Co. v. Miles, 23 Rep., 1705; New York Life Ins. Co. v. Warren Deposit Bank, 25 Ky. Law Rep., 325; Equitable Life Ins. Co. v. Warren Deposit Bank, 75 S. W. Rep., 275; Mutual Life Ins. Co. v. O'Neal, 25 Ky. Law Rep., 983; Washington Life Ins. Co. v. Golvery, 25 Ky. Law Rep., 1327.

5. Demand for paid-up policy should be made within five years after forfeiture. Washington Life Ins. Co. v. Miles, 23 Ky. Law Rep., 1705.

6. The suit for the paid-up policy is a suit upon a written contract (the original policy), and, therefore, the statute of limitation which applies is the fifteen-year statute. Ky. Stat., sec. 2514.

7. Cases where this court has held that the five-year rule applied to demand only, and not to suit: Mutual Life Insurance Co. v. O'Neal, 25 Ky. Law Rep., 983; Manhattan Life Ins. Co. v. Patterson, 22 Ky. Law Rep., 1287.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

On the 14th day of April, 1884, the appellant, the Washington Life Insurance Company, insured the life of the appellee, Santford C. Lyne, in the amount of $3,000 for the sole use and benefit of his wife and surviving children, with

participation in profits. In this policy "the company agrees
to pay one half the amount of said insurance, to wit: $1,500,
at their office in the city of New York to the said assured,
share and share alike, on the 14th day of April, 1904, or
should he die before that time to pay in like manner in
sixty days after due notice and satisfactory proof of his
death the sum of $3,000.00 share and share alike to the as-
sured if alive, if not alive, to the executors or administrators
of the said Santford C. Lyne." In consideration for this
policy Santford C. Lyne agreed to pay semi-annually $43.68
upon the 14th days of October and April of each year. Item
second of the conditions and agreements on the back of the
policy, referred to and forming part of the policy,
provides as follows: "Notwithstanding this policy
shall lapse and become forfeited for the non-payment of any
premium upon the day upon which the same shall fall due
according to the terms thereof as hereinbefore contained, yet
after the payment of three annual premiums, and plaintiff's
demand with surrender of this policy within six months
after such lapse by such non-payment, this company will
issue a non-participating paid up policy for as many twenty
parts of the original amount hereby insured as there shall
have been complete annual premiums paid, and the paid up
insurance purchased by such surrender of this policy shall
be payable at the same time and under the same conditions
except as to the payment of premiums as the original policy.
On the 4th of March, 1904, the appellee Santford C. Lyne,
brought this suit in equity against the insurance company,
in which he recited the facts detailed above, and alleged
that he paid the semi-annual premiums provided for in the
policy, and in compliance with the terms thereof for 12 years,
and demanded that the defendant should issue to him a
paid-up non-participating policy for $1,800, payable at his

death to the beneficiaries named therein in accordance with item second of the policy, and that, notwithstanding such demand, the insurance company had failed and refused to issue and deliver the policy, and prayed that they should be required to do so.  The insurance company in their answer alleged that the policy became forfeited on the 14th day of April, 1896, for the non-payment of premium, and that defendant on that day and for six months thereafter might have made demand accompanied by a surrender of the policy for a non-participating policy for twelve-twentieths of the original amount of the policy, and, if same was refused, might have enforced this demand by suit, but alleged that more than five years had elapsed from the 4th of April, 1896, when such demand might have been made and suit brought, before the institution of this action, and pleaded and relied upon the statute of limitations in bar of recovery.  On the 2d of May, 1904, the plaintiff amended his original petition, joining with him as parties plaintiff his wife and surviving children, and alleged that Santford C. Lyne had survived the 14th of April, 1904, and prayed, as in their original petition, for a paid-up policy on the life of Lyne for $1,800 for the beneficiaries, or, if the court should so construe the policy, for a judgment for $900, with interest from the 14th of April, 1904, until paid.  By an amended answer, subsequently filed, the appellant withdrew so much of its original answer as admitted that under the conditions therein described the plaintiff and the beneficiaries of the policy were entitled to the non-participating policy for twelve-twentieths of the original amount of insurance, and averred that under the terms of the policy and contract sued on it agreed to pay one-half the amount of the insurance, to wit, $1,500, to the assured, namely, the wife and surviving children of Santford C. Lyne, on the 14th day of April, 1904, provided

he should pay the semi-annual premiums on the day they
became due, and alleged that he had failed to pay any pre-
miums on the policy after the 14th of April, 1896, and in
consequence thereof it became forfeited, null and void, after
October 19, 1896, and alleged that thereafter it owed the
assured, to wit, the wife and children of the insured, no
right or duty except to issue a non-participating paid-up
policy for as many twentieth parts of the original amount
of the insurance as there should have been completed annual
payments, to wit, twelve twentieths, provided the assured
after the payment of three annual premiums demanded such
paid-up policy, and accompanied such demand with surrender
of the policy within six months after lapse for nonpayment
of premium; and further alleged that the assured did make
application by letter of their attorney in March, 1901, for
such policy, but made no surrender or offer of surrender of
the old policy, and subsequently abandoned such application,
or had, at any rate, failed to institute suit to enforce any
rights thereunder until the present action was brought,
which was nearly eight years after the time when they might
first have demanded and sued for such policy, and pleaded
and rely upon the lapse of time in bar of recovery. A gen-
eral demurrer was interposed to each paragraph of the amend-
ed answer by the plaintiff, and, the case being submitted
thereon, and also upon the defendant's demurrer to the plain-
tiff's petition as amended, plaintiffs' demurrer to the an-
swer was sustained, and defendant's demurrer to the peti-
tion overruled, and, defendant declining to plead further,
it was adjudged by the court that the plaintiffs recover of
the defendant, the Washington Life Insurance Company,
$900, with interest from 14th of October, 1904, and they
have appealed.

The chief question to be decided upon the appeal is within

what time a suit can be brought for a paid-up policy after forfeiture for non-payment of premium. It is admitted that the demand for the paid-up policy was made within five years. The insurance company claims that, unless suit was brought within five years after the time when it might first have been brought, the action is barred, not because no demand was made, but because action was not begun. On the other hand, it is contended for the plaintiff, under the express terms of the policy and repeated decisions of this court, that, if demand was made during the first five years after the lapse, and before the 14th of April, 1901, the provision of the policy was complied with, and suit could have been brought at any time within fifteen years from the 14th of April, 1896. This question has been before the court in one form or another in many cases, beginning with Montgomery v. Phoenix Mutual Life Insurance Co., 77 Ky., 51, and was followed by Johnson v. Southern Mutual Life Ins. Co., 79 Ky., 407, 3 R., 26, and Southern Mut. Ins. Co. v. Montague, 84 Ky., 654, 8 R., 579, 2 S. W., 443, 4 Am. St. Rep., 218, in all of which it was held that "time in making demand" for the paid-up policy was not of the essence of the contract. These decisions were disregarded in Hexter v. U. S. Mutual Life Ins. Co., 91 Ky., 356, 12 R., 921, 15 S. W., 863, and Northwestern Life Ins. Co. v. Barbour, 92 Ky., 427, 13 R., 619, 17 S. W., 796, 15 L. R. A., 449, but in Mutual Life Ins. Co. v. Jarboe, 102 Ky., 80, 19 R., 1501, 42 S. W., 1097, 39 L. R. A., 504, 80 Am. St. Rep., 343, these two last cases were overruled, and the doctrine of the original cases, that time was not of the essence of the contract, reaffirmed.

In Manhattan Life Ins. Co. v. Patterson, 60 S. W., 383, 22 Ky. Law Rep., 1287, 53 L. R. A., 378, all the preceding cases were carefully reviewed in an elaborate opinion by

Judge Du Relle. In that case the insured obtained a policy on the twenty payment life plan in November, 1887. He paid five annual premiums, and nearly five years after making default in the payment of the sixth premium applied to the company for a non-participating paid-up policy as the net reserve on the policy at the time of the lapse would purchase as a single premium at the company's established rate. The company, by way of defense, plead the provision of the policy that no action could be maintained, for the reason that demand for the paid-up policy was not made within twelve months after default in payment of premium. It was decided that the insured was entitled to a paid-up policy, as time of making demand was not of the essence of the contract. This holding was adhered to until Washington Life Ins. Co. v. Miles, 66 S. W., 740, 23 Ky. Law Rep., 1705, was before the court. In that case, at the earnest demand of the insurance company that the court should establish some time at which the right to demand and receive a paid-up policy should terminate, the court said: "Taking into consideration the nature of life insurance, and all the facts and circumstances involved therein, we are of the opinion that the insured should, within five years from the time he was entitled to demand a paid-up policy, make demand, or that his laches in so doing should bar his right to demand and receive same." This rule has been followed in New York Life Ins. Co. v. Warren Deposit Bank, 75 S. W., 234, 25 Ky. Law Rep., 325; Equitable Life Assur. Soc. v. Warren Deposit Bank, 76 S. W., 391, 25 Ky. Law Rep., 839; Mutual Life Ins. Co. v. O'Neil, 76 S. W., 839, 25 Ky. Law Rep., 983; and Washington Life Ins. Co. v. Glover, 78 S. W., 146, 25 Ky. Law Rep., 1327. It is contended for the insurance company that in the two cases against the Warren Deposit Bank it was decided not only that demand must be

made, but it must also be accompanied by suit to enforce the demand within five years. But the opinion in both cases shows that no demand was made within the 5 years, and that for this reason relief was denied. In both cases the decision in the Miles case is referred to and approved. In the case of the Mutual Life Ins. Co. v. O'Neil, 76 S. W., 839, 25 Ky. Law Rep., 983, it was held that no recovery could be had in a suit brought seventeen years after the lapse of the policy, but in that case no demand was proven until seven years after the lapse of the policy. Whilst we adhere to the rule laid down in the Miles case that there can be no recovery upon policies of this sort unless demand is made within five years after the forfeiture for non-payment of premium for paid-up policy, accompanied by surrender or offer to surrender the old policy, we decline to extend this doctrine further, and to require that, in addition to demand, suit to enforce compliance therewith must be actually instituted. On the contrary, we hold that, demand having been made within the prescribed time, the insured had, under the express language of the statute, fifteen years from the time when his cause of action accrued to institute suit for relief therefor.

For reasons indicated, the judgment is affirmed.