## Brotherhood of American Yeomen v. Graves.

(Decided April 29, 1930.)

N. F. HARPER and W. D. GILLIAM for appellant.

F. R. GOAD and N. G. GOAD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment awarding Mina Graves a recovery on a policy insuring her husband's life in her favor.

The policy was issued by the Brotherhood of American Yeomen to Dr. Pellie G. Graves on December 2, 1921, and his wife, Mina Graves, was named as beneficiary. The policy contained the following provisions with respect to paid up protection, cash withdrawal value, and extended protection:

"1st. Automatic Paid-Up Protection. In case of the non-payment of any monthly or other payment when due hereon, then, without any action on the part of the member named herein, this certificate will become a paid-up certificate for the amount shown by the adjoined table of paid-up protection and such amount will be payable in one sum under the conditions of this certificate upon the death of the member; or

"2nd. Cash Withdrawal Value. Upon a full and valid surrender of this certificate while it is in full force, the Association will pay the then cash withdrawal value as shown by the adjoined table of

value; provided, that the Association may defer such payments for a period not exceeding sixty days from the date of the application therefor; or,

"3rd. Extended Protection. Upon written request of the member named herein, made while this certificate is in full force, the Association will extend and continue in force the full amount of this certificate as term protection for the number of years and days shown by the adjoined table extended protection."

After paying the premiums for three full years the insured made no further payments. At the time of the default he was entitled to paid up protection in the sum of $98, or to cash in the sum of $47, or to extended protection for a period of three years and 134 days. After being notified of his rights under the policy, Dr. Graves decided to cash his policy, and on January 28, 1925, so wrote the company, and requested that proper blanks be sent for that purpose. On February 6, 1925, he again wrote the company that he had paid three year' dues, and desired the cash, and would await the company's reply before placing the matter in the hands of an attorney for collection. In reply appellant wrote to Dr. Graves that there was one month lacking to complete the full three years' payments, and for that reason refused to pay him the full cash surrender value of $47. Thereupon the insured wrote appellant that he elected to take extended protection. Appellant again replied that he had not paid the payments for three years, and denied all liability. The insured died on December 15, 1925, and within the time of the extended insurance. At first appellant refused to pay the policy, or any part thereof, to the beneficiary. After negotiations for a settlement had failed, this suit was brought to recover on the policy. During the pendency of the action appellant tendered Mrs. Graves the sum of $98, together with interest and costs.

Appellant insists that its motion for a peremptory instruction should have been sustained for the reason that the written request of the insured for extended protection was not made while the certificate was in full force. In the first place we have ruled in a number of cases, where the policy of insurance gave certain privileges after a certain number of premiums had been paid, that the time of making the demand was not of the

essence of the contract, even though the contract fixed a definite period within which the demand should be made. Montgomery v. Phœnix Mutual Life Ins. Co., 14 Bush (77 Ky.) 51; Johnson v. Southern Mutual Life Ins. Co., 79 Ky. 407; Southern Mutual Ins. Co. v. Montague, 84 Ky. 654, 2 S. W. 443, 8 Ky. Law Rep. 579, 4 Am. St. Rep. 218; Mutual Life Ins. Co. v. Jarboe, 102 Ky. 80, 42 S. W. 1097, 19 Ky. Law Rep. 1501, 39 L. R. A. 504, 80 Am. St. Rep. 343; Manhattan Life Ins. Co. v. Patterson, 109 Ky. 624, 60 S. W. 383, 22 Ky. Law Rep. 1282, 53 L. R. A. 378, 95 Am. St. Rep. 393; Washington Life Ins. Co. v. Lyne, 119 Ky. 162, 83 S. W. 122, 26 Ky. Law Rep. 1070. In the next place appellant is not in a position to complain of the delay in demanding extended protection. When the insured demanded the cash it denied all liability on the ground that three full years' premiums had not been paid. In view of appellant's action, there can be no doubt that the insured had the right to change his election and demand extended protection. When he did this, appellant again refused his request, not on the ground that it came too late, but on the ground that all his rights under the policy had expired. In view of this situation, the instruction submitting to the jury the question whether or not the insured made a written request for extended protection within a reasonable time, was not prejudicial, and the jury's finding to that effect was fully authorized by the evidence.

Judgment affirmed.