A. M. HARLOW *v.* THE ST. LOUIS MUTUAL LIFE INSURANCE COMPANY.

LIFE INSURANCE.   *Bill to rescind contract and recover premiums paid.*

> Where a policy of life insurance stipulates that default in the payment of any of the annual premiums to become due after payment of the two annual premiums next due and payable after the date of the policy shall not work a forfeiture of the policy, but that the amount insured shall be then commuted or reduced to the sum of the annual premiums paid, a bill brought by the insured to have the contract declared rescinded, and to obtain a decree against the insurance company for the sums which he has paid as premiums on the policy, upon the ground that the company asserts that the policy is forfeited by his failure to pay, and declines to issue a " paid-up policy " equal to the sum of the several annual premiums paid, cannot be maintained, if the only obligation imported by the terms of the policy is to pay within ninety days after due notice and proof of the death of the assured.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

A. M. Harlow filed this bill against the St. Louis Mutual Life Insurance Company or the Columbia Life Insurance Company, a body corporate of the State of Missouri, and W. L. Hemingway, treasurer of the State of Mississippi, alleging that, on Aug. 14, 1868, he insured his life and took out a policy in the St. Louis Mutual Life Insurance Company, whereby said company, in consideration of an annual premium of $188.20, — paid on or before August 14, as follows ; an annual premium-note of $61, and quarterly premium-notes of $31.80 each, — did agree with the complainant, his representatives and assigns, for the use of B. F. Harlow, trustee, within ninety days after due notice and proof of the complainant's death, to pay the sum of $5,000, deducting the balance of annual premiums unpaid, if any, and all notes taken for premiums unpaid at the time. The bill then set out the condition stated in the opinion of the court, and further alleged that the complainant paid the premiums up to 1872, amounting to the sum of $636 ; when, becoming dissatisfied with the manner in which the com-

pany was conducting its business, he stopped paying, and demanded a paid-up policy, which the company declined to give, on the ground that he had forfeited his policy by the non-payment in advance of the interest due on his notes in the hands of the company; that the St. Louis Mutual Life Insurance Company had changed its name to the Columbia Life Insurance Company; that the company had deposited with the State treasurer of Mississippi $10,000, under the laws of this State, and was about to withdraw the same, having already withdrawn all its agents in the State; that the complainant was advised that the policy was not forfeited, but alive, and that by the action of the company he was entitled to a rescission of his contract, and to be placed *in statu quo;* and that on a fair settlement he believed that the company would be found in debt to him $1,500. The prayer was for a rescission and a discovery and account, and that the amount found due him be paid out of the fund in the hands of the State treasurer.

A demurrer by the company to the bill was sustained, and the complainant appealed.

*Nugent & McWillie,* for the appellant.

*Harris & George,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

This bill is not maintainable, whether by its terms the policy is non-forfeitable or not. The sole object of the bill is to recover the sums the appellant has paid the appellee as premiums on the policy of insurance. The prayer of the bill for a rescission of the contract of insurance is merely as a means to that end. The aid of a court is not needed to put an end to the contract. The appellee claims that it was terminated by the failure of the appellant to pay in advance the interest on his notes held by the appellee. The appellant claims that, by the terms of the policy, he is entitled to a " paid-up policy " equal to the sum of his several annual premiums paid; and because this is denied by the appellee, who asserts that the policy has been forfeited, the appellant asserts a right to have the contract rescinded, and to obtain a decree against the appellee for what may be found due upon an account taken.

If it be true, as averred by the appellant, that the policy has not been forfeited, but is now " alive " and in full force, an action will lie upon it when the contingency mentioned in it shall occur and default in payment shall be made by the appellee. The stipulation of the policy is that default in the payment of any of the annual premiums to become due after payment of the two annual premiums next due and payable after the date of the policy shall not work a forfeiture of the policy, " but the sum of $5,000, the amount insured, shall be then commuted or reduced to the sum of the annual premiums paid." There is no agreement to issue to the assured a " paid-up policy " in lieu of the former. The provision of the first condition in the policy is that non-payment of any annual premium, after the first two becoming due after the issuance of the policy shall have been duly paid, shall work such a change in the policy that the sum of $5,000 shall be *ipso facto* reduced to the sum of the annual premiums paid. If the policy is still in force by virtue of its first condition, notwithstanding default by the appellant in payment of any annual premium after the first two which became due next after the date of the policy had been paid, the only obligation its terms import is to pay " the sum of the annual premiums paid " within ninety days after due notice and proof of the death of said assured.

The appellant is not entitled to recover the premiums he has paid, because the risk was borne by the appellee and the premiums were earned. He cannot treat the contract as rescinded and abandoned by the appellee, because it has not refused or failed to do any thing it is required by its contract to do. Its denial of liability to pay, on the death of the appellant, the sum of the annual premiums paid, is the mere expression of an opinion as to its future action, and is not the legitimate subject of present litigation and decision. " Sufficient unto the day is the evil thereof." When the sad contingency provided for in the policy shall have happened, there may be a prompt recognition by the appellee of the correctness of the theory on which this bill is framed, and ready compliance with the terms of the policy as construed by the appellant.

If the policy required the performance of any act by the appellee which it refused to do, and thereby abandoned its contract, entitling the appellant to treat it as rescinded by the appellee, the appellant might recover; but the bill does not present such a case.        *Decree affirmed.*