NANCY DORR, administratrix, *vs.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

Penobscot.    Decided December 19, 1877.

*Insurance.*

Where by the terms of an endowment policy it is agreed that in case, after a payment of two premiums, the assured ceases to make the payment of additional premiums at the stipulated time, the company shall "only be liable for the payment of a part of the sum insured proportionate with the annual payments made, for which a new policy shall be issued if applied for within twelve months," the company are liable during such twelve months for such proportionate sum and in case of death within said twelve months, the administrator of the assured may sue for and recover such proportionate sum upon due proof of death and notice to the company.

It is not required in such case to surrender the policy and demand a new one ; for no policy upon the life of a dead man can properly issue.

ON REPORT.

ASSUMPSIT.

*F. A. Wilson & C. F. Woodard,* for the plaintiff.

*S. C. Andrews,* for the defendants.

APPLETON, C. J.   The defendants on June 29, 1872, in consideration of ` . . . and of the sum of fifty-three dollars and seventy-two cents to them duly paid by William H. Dorr, and of the annual payment of a like amount on or before the 29th day of June, in every year during the continuance of the policy, assured the life of said Dorr, in the sum of one thousand dollars payable at the defendants' office in Hartford, Conn., to said Dorr, his executors, administrators or assigns on June 29, 1892, when

he should attain the age of sixty-five years; or should he die previous to that age, in ninety days after due notice and proof of his death, to his executors, administrators or assigns after deducting any indebtedness to the company on account of the policy.

"It being understood and agreed that, if, after the receipt by this company of not less than two or more annual payments, this policy should cease in consequence of the non-payment of premiums, then upon a surrender of the same, provided such surrender is made to the company within twelve months from the time of such ceasing, a new policy will be issued for the value acquired under the old one, subject to any notes that may have been received on account of premiums, that is to say, if payments for two or more years have been made, it will issue a policy for 2-20 of the sum originally insured; if, for three years, for 3-20, in the same proportion for any number of payments, without subjecting the insured to any subsequent charge, excepting the interest annually in advance on all premium notes unpaid on this policy."

The policy was issued and accepted by the assured upon the following express conditions and agreement:

"2d. If the said premiums shall not be paid, at the office of the company in the city of Hartford, or to an agent of the company on his producing a receipt signed by the president or secretary on or before the date above mentioned, then if interest has been regularly paid in advance on all premium notes given by the assured, in every such case the said company shall only be liable for the payment of a part of the sum insured proportionate with the annual payments made, for which a new policy shall be issued, if applied for within twelve months, as above specified, and this policy shall cease and determine."

It is admitted that William H. Dorr paid two annual premiums in accordance with the terms of his policy: one, as of June 29, 1872, and one, as of June 29, 1873; that he failed to pay the premium due June 29, 1874; that he died on March 4, 1875; that neither Dorr nor his administratrix applied for a paid-up policy during the time in which the assured would have been entitled to it under the terms of the policy; that the policy was

not surrendered within two years from the time of the last annual payment, and that all the requirements of the policy in regard to notice and proof of death have been complied with by the plaintiff.

Is then the plaintiff entitled to recover "a part of the sum insured proportionate with the annual payments made?"

It is apparent that to a certain extent the policy is non-forfeitable.

By the second condition under which the policy was issued and accepted, the provision is inserted that "the said company shall only be liable for the payment of a part of the sum insured proportionate with the annual payments made, for which a new policy shall be issued if applied for within twelve months," &c. This language is restrictive, limiting the amount of liability, but implying liability within the limitation imposed.

By the third condition, it is provided "in every case when this policy shall cease and determine or become or be null and void for any cause other than non-payment of premiums, then all payments thereon shall be forfeited to the company." It is obvious that payments are not to be forfeited to the company merely because there may have been non-payments. When the forfeiture is for cause other than non-payment, all payments are forfeited. When the policy ceases and determines for non-payment, the assured still is protected in "a part of the sum insured, proportionate with the annual payments."

The rule is well established, that in the interpretation of a policy, it must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to indemnity, which it was his object to secure, in making the insurance.

Now Dorr, having failed to pay the annual premium due on June 29, 1874, had a right to a new policy, if applied for at any time within twelve months after that date, upon the surrender of his policy. No further payment was required. Nothing more was to be done but to apply for his new policy. Dorr then up to June 29, 1874, was insured for the full amount specified in his policy. After that date to the time of his death on March 4, 1875, he was insured for "a part of the sum insured proportionate

with the annual payments made." *Mound City M. L. Ins. Co.* v. *Twining,* 4 Bigelow, Life & Accident Ins. Rep. 75.

The insured had certain rights up to the day of his death. Had he applied for a new policy and obtained it, there would have been no question of the defendant's liability. Had the policy been refused, a court of equity would have afforded an adequate remedy. *Gerrish* v. *German Ins. Co.* 55 N. H. 355.

Upon the death of Dorr, the contingency provided against by the policy occurred. The demand of the company for a new policy by the administratrix would have been an idle ceremony, for a policy cannot issue upon the life of a dead man. The company has received all which it was entitled to have, if made liable for 2-20 of its original liability. All else was of form rather than of substance.

The main difference between this case and that of *Chase* v. *Phœnix Mut. Life Ins. Co.* 67 Maine, 85, is that that was labeled "a non-forfeitable life policy" in capital letters; but the terms and conditions of the policy are almost verbally identical with the one under consideration; and the reasoning, upon which that decision rests, is equally applicable to the policy before us. The doctrine of that case is fully sustained by other decisions in analogous cases. *Ohde* v. *Northwestern Mutual Life Ins. Co.* 5 Bigelow L. & A. Ins. Rep. 145. *Hull* v. *Northwestern M. L. Ins. Co.* 39 Wis. 397.

*Judgment for plaintiff for $100*
*and interest from Feb.* 4, 1876,
*as by agreement.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.