## BARTON *v.* LATTOURETTE.

Decided November 14, 1891.

1. *Tax sale—Assessor's oath—Officer* de facto.

A tax sale is not invalidated by failure of a duly elected assessor, who has taken the oath of office prescribed by the constitution and entered upon its duties, to take the special oath prescribed in section 5661 of Mansfield's Digest. Whether under such circumstances the assessor is a *de jure* or a *de facto* officer is immaterial; in neither case can the title to his office be inquired into in a proceeding to which he is not a party.

2. *Practice—Agreed statement.*

Where it appears from the agreed statement of facts that judgment should have been for appellants, the cause will be reversed and remanded with directions to enter judgment accordingly.

APPEAL from *Craighead* Circuit Court.

JAMES E. RIDDICK, Judge.

Barton brought ejectment against Mary Lattourette and another, relying upon a tax title. The answer assailed the validity of the tax deed upon the ground that the assessor failed to take the oath prescribed by section 5661 of Mansfield's Digest, before entering upon the duties of his office. The cause was tried before the court without a jury. The agreed statement admitted the failure of the assessor to take the oath above mentioned. No other objection to the deed was relied upon. The court held the tax deed void. Plaintiff has appealed.

*J. C. Hawthorne* for appellant.

1. Collins was assessor *de jure* until there was some action taken upon his failure to comply with the law. There must be some judicial ascertainment of the delinquency. 10 Ark., 156; 27 *id.*, 398; 37 *id.*, 386; 28 *id.*, 308; 22 *id.*, 556.

2. But if the office was *ipso facto* vacated, without the act of any person or tribunal, upon the failure to take the oath, he was an officer *de facto*, and his acts are valid and cannot be questioned collaterally. 32 Ark., 666; 25 *id.*, 336; 43 *id.*, 243; 21 Ohio St., 610; 5 Wend., 231.

S C—6

3. The legislature might have dispensed with the oath, and the failure to take it is only an irregularity which the legislature has power to cure and has cured by section 5782, Mansfield's Digest. 46 Ark., 96; 13 Minn., 127; 88 Penn. St., 55; 87 *id.*, 435; Cooley, Con. Lim., 371. Sections 5782, 5790, Mansfield's Digest, are available to persons out of possession, and are not confined to actions instituted by the original owner. By section 5781 tax deeds are made *prima facie* evidence that all prerequisites have been complied with, and it devolves on the person claiming adversely to the tax title to show some defect not cured by these sections.

*E. F. Brown* and *T. P. McGovern* for appellee.

1. Tax titles are not invalidated in this State for *mere informalities.* 13 Ark., 251; 21 *id.*, 580. But there must be a substantial compliance with the law. *Ib.*

2. The act requiring the assessor to take the prescribed oath was for the protection of the tax-payer, and cannot be dispensed with, and his failure avoided the sale. 34 Fed. Rep., 701.

1. Tax sale—
Assessor's oath.
COCKRILL, C. J. It is not material to determine whether the office of assessor becomes vacant, as of course, upon failure of the person claiming the office to take the special oath prescribed by section 5661 of Mansfield's Digest, as was held by the learned judge of the federal court for this circuit in the case of *Martin* v. *Barbour*, 34 Federal Rep., 701; or whether the use in the statute (section 5662, *ib.*) of the language, "the office shall be declared vacant" in case of failure to take and indorse the oath as the statute requires "pre-supposes some step to be taken for that purpose," as was declared by this court in the case of *Moore* v. *Turner*, 43 Ark., 250.

The person performing the duties of the office was assessor *de jure* or else *de facto,* and in neither case can the title to the office be inquired into in a proceeding like this to which the officer is not a party. We have sustained the

acts of officers *de facto* in judicial positions where the lib-
erty, as well as the property, of individuals was concerned.
*Keith* v. *State,* 49 Ark., 439; *Rives* v. *Pettit,* 4 *id.,* 582.
There would seem to be no imperative reason therefore
for withholding assent to the application of the same doc-
trine in tax proceedings, and this court has sanctioned the
application of the doctrine to this class of cases. *Murphy*
v. *Shepard,* 52 Ark., 356; *Moore* v. *Turner,* 43 *id.,* 243;
*Twombly* v. *Kimbrough,* 24 *id.,* 459, 474; *Scott* v. *Watkins,*
22 *id.,* 556.

The Supreme Court of the United States has done the
same thing in reference to the office of assessor in a case
which arose in the District of Columbia, and in which the
court was not embarrassed by any State decision. *Ronken-*
*dorff* v. *Taylor,* 4 Peters, 349. Judge Cooley says that the
clear and very strong preponderance of authority is that
way. Cooley on Taxation (2d ed.), pp. 255–6.

The real question in this case may be stated thus: Does
the failure to take the special oath set out in section 5661
by an assessor, who has qualified by taking the general oath
prescribed by the constitution to faithfully discharge the
duties of his office, render invalid the deed made in pursu-
ance of the tax sale.

It is argued that, as this oath might have been dispensed
with by the legislature in devising a system for the collec-
tion of the revenue, the effect of section 5782 of Mansfield's
Digest is to cut off the opportunity of making the objection
after the deed is executed. But, as we find the defect is not
fatal to the deed, the case does not afford us the opportunity
of determining whether the section mentioned was intended
by the legislature as an enactment that *the sale* for taxes
should not be avoided except for the causes therein speci-
fied; or whether it was an attempt on the part of the legis-
lature to make the clerk's deed, when "executed substan-
tially" as the act requires, conclusive evidence of a valid
sale, when in fact the sale, by a fair construction of the act,
was invalid, and should be declared so without reference to

the lapse of time, if no deed had been executed in substantial compliance with the act. In the latter event the section would fall under the ban of the ruling in the case of *Cairo, etc., R. Co.* v. *Parks*, 32 Ark., 131 ; otherwise it would operate as it was indicated it might, in *Radcliffe* v. *Scruggs*, 46 Ark., 96.

The only reference to real estate contained in the special oath is that it shall be appraised at its " actual cash value ;" otherwise the oath relates to personal property only. Another provision of the statute (section 5675 Mansf. Dig.) requires the assessor to appraise real estate at its true value in money, and not at what it would bring at auction or forced sale ; and he is required to make affidavit to his return to the assessment roll that he has so valued each tract. Mansf. Dig., sec. 5676. The special oath binds the assessor to appraise real estate at its actual cash value, without indicating any standard by which that value shall be fixed ; but that, according to the opinion of Judge Cooley, speaking for the Supreme Court of Michigan, in *Silsbee* v. *Stockle*, 44 Mich., 561, is not comprehensive enough to cover the requirement to appraise each tract at its true value in money, without reference to what it would bring at forced sale. If, then, we look to the special oath alone, it is not broad enough to bind the assessor's conscience to perform his whole duty in appraising real estate; but the general oath is ; and there is nothing in the special oath directing attention to the details in appraising real estate that would probably escape the attention of any officer. In this case the assessor took the general oath required by the constitution, within the time specified by the statute. As no irregularity is shown, other than the one mentioned, it must be presumed that he made return to his assessment roll under oath as the statute directs. We have, then, the conscience of the officer bound in advance by an oath more comprehensive than the one omitted, and also the record evidence required by the statute by a further oath that in the performance of those duties he has actually obeyed the law. Sec. 5676, *supra*. How, then, has the landowner

been prejudiced by the failure to take the special oath? He has had protection enough if reliance is to be placed in oaths. But unless he might have been prejudiced by the omission, the deed should not be avoided. *Patrick* v. *Davis*, 15 Ark., 363, 370 ; *Radcliffe* v. *Scruggs*, 46 *id., sup.*

The omission in this case goes no more to the merits than did the assessor's omission to take the oath, passed upon in *Radcliffe* v. *Scruggs*, 46 Ark., *sup.*, but that was held to be an irregularity which did not avoid the deed. See, too, *Scott* v. *Watkins*, 22 Ark., *sup.; Murphy* v. *Shepard*, 52 *id., sup.; Moore* v. *Turner*, 43 *id., sup.* We conclude, therefore, that the court erred in annulling the deed.

The judgment should have been for the plaintiff on the agreed statement of facts. It will be reversed, and the cause remanded with instructions to enter judgment for the plaintiff for possession of the premises. *Smith* v. *Hollis*, 46 Ark., 17 ; *Powell* v. *Holman*, 50 *id.,* 85.

*2. Practice as to agreed statement.*

It is so ordered.