LENON *v.* MUTUAL LIFE INSURANCE COMPANY.

Opinion delivered November 26, 1906.

1. INSURANCE—RIGHT TO PAID-UP POLICY—FORFEITURE.—Under a policy stipulating that "if the policy shall become forfeited by nonpayment of the premium at any time after three full annual premiums have been paid, the company will, upon the surrender of the policy issued upon this application within six months after such forfeiture, issue a non-participating paid-up policy for such sum as the reserve upon this policy at the time of such forfeiture * * * will purchase," etc., time is not of the essence of the contract, so far as the surrender of the original policy within six months is concerned, it being sufficient if the surrender be made within a reasonable time. (Page 566.)

2. SAME—WHEN RIGHT TO PAID-UP POLICY ACCRUED.—Where, on forfeiture of a policy for nonpayment of a premium, the holder became entitled on demand within a reasonable time thereafter to a paid-up policy for such sum as the reserve on the policy would purchase, his right thereto became fixed when he made demand within such reasonable time, and an action could be maintained for such paid-up insurance on the death of the insured. (Page 571.)

3.  APPEAL—PRACTICE ON REVERSAL.—Where a law case is reversed on appeal upon an agreed statement of facts, the usual practice is to remand with directions to the lower court to enter judgment in accordance with the opinion.  ((Page 571.))

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

Lenon, as administrator of David Reeve, deceased, sued the Mutual Life Insurance Company of New York to recover the surrender value of two policies of life insurance, one for $5,000 and one for $3,000, which were taken out by deceased in 1882, and on which the last premiums were paid in November, 1890.   On June 4, 1902, Reeve sent the policies to the company's general agents in St. Louis for the purpose of getting paid-up policies, and they were returned to him with the statement that the policies, having elapsed more than six months, were of no value.   Reeve died December 5, 1903, and Lenon, qualifying as his administrator, sued on the $5,000 policy on October 22, 1904, and on the $3,000 policy in February 18, 1905.   The cases were consolidated.

It was agreed "that the annual premium of $148.95 was paid by Reeve for the years 1882 to 1890, inclusive, on policy No. 235,-824, and none after said date.  That if the insured had surrendered his policy within six months from November 27, 1891, the defendant would have issued to Reeve a paid-up policy for $1,381, but that the said Reeve did not apply within six months for said paid-up policy; and that on policy No. 194,451, if Reeve had applied within six months from November 16, 1891, he would have obtained a paid-up policy of $1,091.  That no notice of nonpayment of premium was given to the deceased on either policy, and no paid-up policy was issued to D. Reeve in lieu of the policies aforesaid."

The court below held that the suits were barred, and plaintiff appealed.

*Bradshaw, Rhoton & Helm,* for appellant.

1.  Time was not of the essence of the contract, as to the surrender of the policy and demanding a paid-up policy.   The deceased had bought and paid for the paid-up insurance.   "The premiums by express convention paid for both current insurance and a paid-up policy, and to deny him the benefit of a paid-up

policy because the old one was not surrendered in time" will not be sustained. 109 Ky. 624. Each annual premium paid for carrying the full insurance for the current year and for paid-up insurance. *Ib*; 14 Bush, 51; 102 Ky. 80; 58 Vt. 257. See, also, 84 Ky. 653; 85 Ala. 401. The right to a paid-up policy does not depend upon the surrender of the old, and taking out a new, policy. 67 Me. 85; *Ib.* 438; 16 Fed. 720. See, also, 127 Mass. 153.

2. It is admitted that no notice of nonpayment of premium was given; therefore no forfeiture could be declared or enforced. 119 N. Y. 450; 113 N. Y. 147; 101 Cal. 624; 97 Fed. 263; 100 Fed. 408; 81 Fed. 796; 83 Fed. 85; 93 Fed. 153; 110 N. Y. 15; 70 Ia. 325; 100 Mich. 157; 89 Tex. 259.

3. It is sufficient that the policy be surrendered in a reasonable time—if it is necessary to surrender the old policy. 58 Vt. 253; 109 Ky. 624.

4. The action is not barred. The statute of limitations would not begin to run until after the death of Reeve.

*James McKeen* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. The action was barred. The obligation in the policies was not to pay anything on the death of Reeve in case he permitted the policies to *lapse* by failure to pay the premiums, but to issue him a paid-up policy. This obligation terminated six months after the lapse. 29 Ark. 108; 64 Ark. 165; 46 Ark. 25; 58 Ark. 90; 52 Ark. 168; *Id.* 76; 75 S. W. 274; 86 S. W. 966; 66 S. W. 740; 76 S. W. 838.

2. In all insurance contracts time is of the essence of the contract, particularly so in the case of mutual companies, since they must know exactly how they stand, and who is entitled to participate in the profits, so as to make their distributions. 93 U. S. 30; 104 U. S. 91; 187 U. S. 348.

"The right to demand a paid-up policy must be exercised within the time prescribed, or it will be lost. And the old policy must be surrendered, if the contract so provides, as a condition precedent to the right." 2 Bacon on Benefit Societies & Life Insurance, § 373; 117 U. S. 414; 28 N. J. Eq. 167; 67 N. Y. Supp. 269; 58 Miss. 226; 88 Va. 778; 104 Ill. App. 72; 5 Mo.

App. 73; 62 N. E. 501; 43 N. E. 448; 64 S. W. 74; 82 S. W. 1089; 36 So. 538; 57 N. W. 558; 93 N. Y. 70; 103 Pa. St. 177; 20 Fed. 886; 15 Hun, 8; 85 Ill. 410; 34 Ohio St. 222.

HILL, C. J.   The controlling question of the case is the effect to be given this clause in the policies:

4.   "That in consideration of the surrender value promised in the policy and in this application, viz:   If this policy shall become forfeited by nonpayment of any premium at any time after three full annual premiums have been paid, the company will, upon the surrender of the policy issued on this application within six months after such forfeiture, issue a non-participating paid up policy for such sum as the reserve upon this policy at the time of such forfeiture according to the legal standard of the State of New York will purchase as a single premium at the company's published rate, and in further consideration of the participation of the policy in any surplus of the company which may be distributed while it is in force, all right or claim to any other surrender value than that so promised, whether required by a statute of any State or not, is hereby relinquished."

Five days after the six months expired in one policy and 18 days after it expired in the other the insured mailed the policy to the company, and demanded paid-up insurance pursuant to his original contract.

If the provision that the policy must be surrendered within six months be a condition precedent to the right to paid-up insurance, and if time of surrender therein named is of the essence of the contract, then appellant has no case; otherwise he has.

There are three lines of decisions to which the court is referred.

(a)   Cases like *Knapp* v. *Homeopathic Mutual Ins. Co.,* 117 U. S. 411, where an election to pursue one or another course is evidenced by surrender of policy or other act, then the act must be performed as a condition precedent to sustaining the elected right.   But these cases are not of weight here, for no election was required under this contract.   The forfeiture of the primary insurance by reason of failing to pay brings into being the secondary insurance stipulated to be payable in such event.   The event itself, and not the surrender of the policy, brings into effect the secondary condition of the original contract.

(*b*)   There is a line of decisions holding that, under clauses like the one at bar, the surrender of the policy within the time mentioned is a condition precedent by its terms to the vesting of the secondary, or paid-up, insurance. *Hudson* v. *Knickerbocker Life Ins. Co.,* 28 N. J. E. 167; *Universal Life Ins. Co.* v. *Whitehead,* 58 Miss. 226; *Bonner* v. *Mutual Life Ins. Co.,* 36 So. Rep. (Miss.), 538; *Universal Life Ins. Co.* v. *Devore,* 88 Va. 778; *Equitable Life Assurance Soc.* v. *Evans,* 64 S. W. Rep. (Tex.), 74; *Inloes* v. *Prudential Ins. Co.,* 82 S. W. Rep. (Tex.), 1089; *Sheerer* v. *Manhattan Life Ins. Co.,* 20 Fed. Rep. 886, overruling same case, 16 Fed. Rep. 720; 2 Bacon, Benefit Societies, § 373. See Cooley's Briefs on Ins., pp. 2413, 2420 for full review of the cases.

(*c*)   There is another line of decisions, principally in Kentucky, which hold that time is not of the essence of this provision, and that the surrender of the policy does not have to be made within the stipulated period, provided it is made within a reasonable time. *Montgomery* v. *Phoenix Mut. Life Ins. Co.,* 14 Bush (Ky.), 51; *Mutual Life Ins. Co.* v. *Jarboe,* 102 Ky. 80, s. c. 42 S. W. Rep. 1097, s. c. 39 L. R. A. 504, where cases departing from *Montgomery* v. *Phoenix Mut. Life Ins. Co.* were overruled; *Washington Life Ins. Co.* v. *Miles,* 112 Ky. 743; s. c. 66 S. W. Rep. 790; *Mutual Life Ins. Co.* v. *O'Neal,* 76 S. W. Rep. (Ky.), 839; *Washington Life Ins. Co.* v. *Lyne,* 83 S. W. Rep. 122.   The same rule prevails in Maine. *Chase* v. *Phoenix Mutual Life Ins. Co.,* 67 Me. 85; *Dorr* v. *Phoenix Mutual Life Ins. Co.,* 67 Me. 438.

The reasoning in the leading Kentucky case is as follows: That time is not of the essence of contracts generally unless executory on both sides or expressly made so; and that the insurance company had received the entire consideration for performance on its part, and it is inequitable to sustain a defense on the sole ground of lack of demand of a formal matter within a given time.   The court said: "In this case the consideration for a paid-up policy has been fully paid, and, although the insured enjoyed the benefit of current insurance for the years in which the policy was in force for the full amount, that was not all that was paid for.   The premiums by express convention paid for both current insurance and a paid-up policy, and now to deny to the assured the benefit of a paid-up policy because the old one was not

surrendered in time is, in the strictest and most obnoxious sense, a forfeiture. Such a claim is without support in reason, justice or authority, and can be supported in a court of equity." *Montgomery* v. *Ins. Co.,* 14 Bush, 51.

It is for the court to say which presents the better reasons, the majority or the minority line, for the decided weight numerically is against the Kentucky and Maine courts. Some of the cases holding that time is the essence of this provision cite *N. Y. Life Ins. Co.* v. *Statham,* 93 U. S. 24. In that case the court said:

"All the calculations of the insurance company are based on the hypothesis of prompt payments. They not only calculate on the receipts of premiums when due, but upon compounding interest upon them. It is upon this basis that they are enabled to offer assurance at the favorable rates they do. Forfeiture for non-payment is a necessary means of protecting themselves from embarrassment. Unless it were enforceable, the business would be thrown into utter confusion. * * * An essential feature of this scheme is the mathematical calculations referred to, on which the premiums and amounts assured are based. And these calculations, again, are based on the assumption of average mortality, and of prompt payments and compound interest thereon. Delinquency can not be tolerated nor redeemed, except at the option of the company. * * * When no stipulation exists, it is the general understanding that time is material, and that the forfeiture is absolute if the premium be not paid. * * * The case, therefore, is one in which time is material and of the essence of the contract."

Every reason given herein why time is of the essence of the contract is conspicuous by its absence in this case; and the application of the doctrine to insurance premiums shows to what it does so fitly apply, and shows also its utter inapplicability to a mere demand for evidence of rights already fixed.

A learned jurist who has contributed much of value to legal literature, Prof. John D. Lawson, in a recent work said:

"Where the time of performance is fixed by the contract, the question is whether it is of the essence of the contract or not; and this is a question of construction. * * * Time is of the essence of a contract when it is a material object to which the

parties looked in the first conception of it.   A provision in a contract is said to be of the essence of the contract when compliance with it was known by both parties at the time of entering into the contract to be of such importance that performance of the contract without strict compliance with it might be of no avail." 9 Cyc. 604.

Tested by this principle, it is plain that the surrender of the policy in six months was not of the essence of the contract.   The contract was chiefly for current insurance, and the payment of premiums, for the reasons so well stated by Mr. Justice Bradley in the· Statham case, *supra,* was of the essence of that contract; when that contract ceased by reason of the forfeiture for failure to pay the premium, then this other insurance became operative, not on account of any option or election or surrender of the policy, but in virtue of the original contract and the additional sums paid in order to produce this result.   In defining the nature of such paid-up policies the Vermont court said:   "The very end aimed at in offering and receiving the reduced or paid-up policy is, as the company's circular declares, to obviate 'all possible danger of loss.'   The paid-up policy issues as a redemption from a forfeiture of the original policy which otherwise would 'cease and determine' for non-payment of premiums.   It can issue only in case two full premiums have been paid; and if so many have been paid, the right to it is given to the policy holder ·by the original policy itself.   Thus his right to it is a contract right that·inheres in the original policy."   *Bruce* v. *Continental Life Ins. Co.,* 58 Vt. 253.   To the same effect *McDonnell* v. *Alabama Gold Life Ins. Co.,* 85 Ala. 401.

This is but a dropping from one kind of insurance to another, all written in the original policy, and paid for by the, premiums already paid, and it only applies after two contingencies happen. first, three annual payments must be made and, second, default must occur in the principal insurance.   It is, of course, important to the company to know the status of its policy holders, but its own books fix the status under this policy.   When the default in payment terminates the primary insurance after it has been maintained over three years, then it is forfeited, and then the contract gives this paid-up insurance to be computed according to its terms and by the company from the reserve as shown on its books.

These matters are all of the essence—the determining factors, in the conception of the contract, and without which it would not have been made; the surrender of the old policy for the new in the last contingency is but a sensible and formal requirement in order that the secondary contract be evidenced by a second writing and not lie partly in the original contract and partly on the books of the company evidencing lapse of one kind of insurance and operation of another and amount of it.   This would, if in a statute, be held directory, instead of mandatory, and in a contract belongs to conditions subsequent, rather than precedent.   Either party could require of the other specific performance of the secondary contract, and the company could require the surrender of the old contract.   In New York it has been held that where the original policy was lost or stolen, and could not be surrendered, the insured could compel the issuance of the paid-up policy on proper demand.   *Wilcox* v. *Equitable Life Assurance Soc.,* 173 N. Y. 50; *Lindenthal* v. *Germania Life Ins. Co.,* 174 N. Y. 76.

The sounder and better rule is that time is not of the essence of the contract, so far as surrender of original policy is concerned within six months.   Of course, if there is a change in the situation of the company superinduced by non-action of the insured; if other rights be built up by reason of such non-action, or if the matter is unreasonably delayed, then other principles might be invoked.   None of those questions are in this case.   In Kentucky it has been worked out by requiring demand for the paid-up policy and surrender of old within a reasonable time.   *Mutual Life Ins. Co.* v. *Jarboe,* 102 Ky. 80; *Manhattan Life Ins. Co.* v *Patterson,* 60 S. W. (Ky.), 383; *N. Y. Life. Ins. Co.* v. *Warren Deposit Bank,* 75 S. W. 234; *Mutual Life Ins. Co.* v. *O'Neal,* 76 S. W. 839; *Johnson* v. *Southern Mutual Ins. Co.,* 79 Ky. 405.

Appellee insists that the action is barred by statute of limitations, and cites the following Kentucky cases to sustain it:   *Eq. Life Ass. Soc.* v. *Warren Deposit Bank,* 75 S. W. 275; *Aetna Life Ins. Co.* v. *Suggs,* 86 S. W. 966; *Washington Life Ins. Co.* v. *Miles,* 66 S. W. 740; *Mut. Life Ins. Co.* v. *O'Neal,* 76 S. W. 838.   But these decisions are far from sustaining that view.   On the contrary, they hold that demand must be made within five years, or the insured is precluded by laches; but where demand is made within that time, the rights are fixed.

Notwithstanding no paid-up policy is issued, where there is a right to paid-up insurance by virtue of the original policy, an action at law may be maintained for the paid-up insurance on the death of the assured. *Harlow* v. *St. Louis Mut. Ins. Co.*, 54 Miss. 425, s. c. 28 Am. Rep. 358; *Winchell* v. *John Hancock Mut. Life Ins. Co.*, 30 Fed. Cases, p. 285; *Barrett* v. *Mutual Life Ins. Co.*, 85 S. W. 749.

"The policy itself does not constitute the contract. It is merely written evidence of it." *McDonnell* v. *Ins. Co.*, 85 Ala. 401. The insured could have perfected his evidence by a suit in equity for specific performance of the original contract and required the company to have furnished him evidence of his paid-up insurance, but that is important only as evidence.

If the conclusion be correct that time was not the essence of this contract, and that, if demand is made within a reasonable time, then the insured's rights became fixed, when he delivered the policies and demanded paid-up insurance on the fifth and eighteenth day respectively after the six months designated in the policies, and were just as complete as if the calculation had been made and written into an instrument called a paid-up policy evidencing the obligation. His evidence was not in as good shape, but his rights were as complete in the one case as in the other.

It follows that the judgment ought to be reversed, and it is so ordered.

## ON REHEARING.

## Opinion delivered December 3, 1906.

PER CURIAM. The appellant asks a modification of the judgment, so as to render final judgment here on the agreed statement of facts, instead of reversing and remanding. It is within the power of the court to render such judgment, Kirby's Digest, § 1236, but the better practice is to reverse and remand with directions to the circuit court to enter judgment in accordance with the opinion. *Barton* v. *Lattourette*, 55 Ark. 81. There is nothing in this case calling for a departure from the usual practice, and the judgment will be for a reversal and with directions to the circuit court to enter judgment in conformity to the opinion.