## TEXAS GLASS & PAINT CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.
### (No. 8294.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1920. Rehearing Denied Jan. 8, 1921.)

Insurance ⬯534—Statute making stipulation for notice of claim within 90 days void, inapplicable to indemnity policy requiring immediate notice.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, making stipulation, in contract fixing the time within which notice of claim for damages made a condition precedent to the right to sue thereon shall be given at a less period than 90 days void, held not applicable to provision in indemnity policy, requiring insured to give insurer notice of accident immediately on occurrence thereof.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Texas Glass & Paint Company against the Fidelity & Deposit Company of Maryland. Judgment for defendant, and plaintiff appeals. Affirmed.

Crane & Crane, of Dallas, for appellant.
Albert B. Hall, of Dallas, for appellee.

RAINEY, C. J. Appellant brought this action against the appellee, alleging that about August, 1912, it made, issued, executed, and delivered to plaintiff its certain policy of insurance, in which defendant agreed to indemnify plaintiff against loss from liability imposed by law for bodily injuries and death suffered by persons not employed by plaintiff while within the factory, shop, and yard of plaintiff, and to defend suits brought against plaintiff by such person; that on or about October 24, 1912, while said policy was in force, one Reese, who was not employed by plaintiff, suffered an injury within said factory, shop and yard of plaintiff, and recovered a judgment against plaintiff in the sum of $1,000, which it paid in money; that defendant refused to defend the same, and that plaintiff incurred certain and reasonable and necessary expenses in the sum of $1,153.72 and interest from the date of payment. Defendant answered by general demurrer, general denial, and special plea, setting up a stipulation, clause B, in the policy, which required the giving of notice of any accident immediately upon the happening of any such occurrence, which was not done. A trial resulted for defendant on March 6, 1919, from

which plaintiff excepted and gave notice of appeal to this court.

The policy issued by defendant and upon which plaintiff seeks a recovery, and which was introduced by it in evidence, reads as follows·

"The Fidelity & Deposit Company of Maryland, herein called the company, in consideration of 60 cents estimated premium, and of the statements which are set forth in the schedule of statements and which the assured makes and warrants to be true by the acceptance of this policy, does hereby agree:

"(1) To indemnify the Texas Glass & Paint Company of Dallas, state of Texas, herein called the assured, against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death caused by any accident, and suffered by any person or persons not employed by the assured while within the factory, shop or yard named in the schedule, or upon the sidewalks, or other ways immediately adjacent thereto during the operation of the trade or business named in the schedule, provided such bodily injuries or death are suffered as the result of an accident occurring within the period of twelve months, beginning at noon on the 1st day of August, 1912, and ending at noon on the 1st day of August, 1913, standard time, at the assured's address set forth above.

"(2) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered, or alleged to have been suffered by any person or persons not employed by the assured at the places designated in the preceding paragraph, during the operation of the trade or business described in said schedule, and resulting from an accident occurring during the period this policy is in force.

"Schedule of Statements.

"Statement 1: Name of assured: Texas Glass & Paint Company.

"Statement 2: Address of assured: Dallas, Dallas county, Tex.

"Statement 3: The assured is a corporation.

"Statement 4: The description of the assured's trade or business; the location of each factory, shop or yard where such business is carried on; the estimated average number of employés engaged in such trade or business at each location, and the estimated compensation of such employés for the period of the policy are given in the following table:

"Kind of trade or business: Operations usual and incidental to the business of warehouseman, including the work of making ordinary repairs and alterations to buildings, plants and equipment used by the assured in the conduct of their business as above.

"Estimated compensation for period of policy: $3,000.00.

"Premium rate per $100.00 of compensation: $0.02.

"Estimated amount of premium: $0.60.

"Location of each factory, shop or yard: Dallas, Texas.

"Statement 5: Estimated compensation ·set forth in statement 4 covers· the compensation

of any nature whatsoever, including all allowances, whether paid in cash, board, store certificates, merchandise, credits or any other way, of all employés engaged in the trade or business described in said statement as carried on by the assured at the locations given therein, the compensation of the president, vice president, secretary or treasurer, excepting only the compensation of persons described in statement 6.

"Statement 6: Pursuant to the above statement, the compensation of the following persons is excluded from the estimated compensation: Drivers and office employés.

"Statement 7: No business operations similar to those described in statement 4 are conducted by the assured, except as follows: No exceptions.

"Statement 8: Of the kinds of insurance named in the following table, the assured carries such as he designates by the name of the company.

"Employer's liability: Yes. Boiler: Yes. Public liability: Yes. Elevator: ——. General liability: ——. Teams: Yes. Workman's collective: ——. Flywheel: ——.

"Statement 9: No company during the past three years has refused to issue to the assured any kind of insurance named in statement 8, and no company has canceled during the said period any such insurance issued to the assured, except as follows: No exceptions.

"Statement 10: No company during the past two years has issued liability insurance to the assured, except as follows: U. S. F. & G.

"Statement 11: The entire compensation earned by all employés of the assured during the year ending December 31 last was $——.

"Statement 12: The signature to the application for this policy is accepted by the assured as his signature: Texas Glass & Paint Company, Assured.

"In testimony whereof, the company has caused this policy to be signed by its president and secretary, but the same shall not be binding upon the company until countersigned by a duly authorized agent of the company.

"Edwin Warfield, President.

"Robert S. Hart, Secretary.

"Countersigned at Clarksburg, W. Va., this 22d day of July, 1912. Alexander & Alexander, Duly Authorized Agents."

The only defense urged by defendant was the claim pleaded by it—was the failure of the plaintiff to give defendant immediate notice, etc., of said accident to Reese.

Reese was not an employé of plaintiff, but was placed in plaintiff's factory as night watchman by Smith Detective Agency, and Reese was injured on the night of October 24, 1912. He was immediately taken from the factory, and remained away for about six months, when he came back to the factory and went to work, but pleaded no claim for damage against plaintiff until July 1, 1914, when plaintiff was notified of Reese's suit for damages by the service of citation, of which plaintiff immediately notified the defendant; said citation being the first time plaintiff was notified of any claim against it for damages by Reese.

Defendant answered in the suit, but shortly thereafter withdrew therefrom, claiming no liability therefor, by reason of plaintiff's failure to comply with the clause in the policy requiring notice from plaintiff immediately upon the happening of said accident. Conceding that the clause in the policy requiring the plaintiff to give immediate notice was not complied with under the evidence, and was a precedent necessary before plaintiff was entitled to recover, as held by the weight of authority and of our appellate courts, still the question arises, Does such a clause contravene our statute, which prohibits a less limitation than 90 days? Article 5714, Vernon's Sayles' Statutes, reads:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and, when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same; provided, that no stipulation in any contract between a person, corporation or receiver operating railroad, or street railway, or interurban railroad, and an employé or servant requiring notice of a claim by an employé or servant for damages for injury received to the person, or by a husband, wife, father, mother, child or children of a deceased employé for his or her death, caused by negligence as a condition precedent to liability, shall ever be valid. In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath."

Appellee, by the terms of said contract, attempts to limit said contract by limiting said article of said statute by the failure of plaintiff to give the notice in a reasonable time, which was given on July 1, 1914, nearly two years after said accident occurred, and which was the first time it had been notified thereof. As we understand, such failure worked no injury to the appellee, and no injury to it is shown. It pleaded no unreasonableness, and the statute provides that such limitation is void when less time than 90 days is prescribed, and plaintiff contends that appellee investigated and found out about said accident long before it had notice from plaintiff.

It seems that the failure to give notice in such cases as this is held to be a good defense by the weight of authority in other jurisdictions, as well as by the majority of the appellate courts of this state; this court however, not being among them. In Maryland Casualty Co. v. Robertson, 175 Ky. 817, 194 S. W. 1140, in an opinion written by Associate Justice Talbot, wherein said cause

was an action aganst the indemnity company, this court held the company liable. In said case the Supreme Court refused writ of error. We believe that opinion was just and right, and we adhere to the holding therein. In the case of Walsh v. Methodist Church, 173 S. W. 241, it was held that the indemnity company could make the defense of want of service, and that said company was not liable for damages, and that article 5714, Vernon's Sayles' Civil Statutes, did not apply. Said case was submitted to the Supreme Court, and it transferred the case to the Commission of Appeals, which court affirmed it. In said case the Court of Appeals at Amarillo treated the question of notice, but the Commission of Appeals ignored it, and said commissioners did not decide the question in that case.

We think this court decided the case of Maryland Casualty Co. v. Robertson & Co., 194 S. W. 1140, correctly. Article 5714, Vernon's Sayles' Civil Statutes, applies strictly to this character of case, and we are unable to see any reason why courts should ignore a plain provision. The contract herein relates to claims treating of damages, and relates to this case.

The judgment is reversed and rendered for appellant.

### On Rehearing.

On a former day of this term we reversed and rendered the judgment in this case, but after reconsidering the contract of the parties we have concluded we erred in so doing, and have concluded the judgment should be affirmed, believing that the evidence shows that plaintiff did not comply with the provision of the contract relating to the giving of notice to the Fidelity & Deposit Company of the happening of the accident, as contracted by the said company, which is supported by the great weight of authority, among which are the cases of Travelers' Insurance Co. of Hartford v. Scott, 218 S. W. 53, and Walsh v. Church, 173 S. W. 241. The principle announced in these two cases is exactly in point with the facts in this case, and decisive of this case. The decision in Maryland Casualty Co. v. Robertson, 194 S. W. 1140, on which our opinion was founded, we do not now believe was in point, as it was founded upon a different state of facts from those in this case.

The motion for rehearing is granted, and the judgment of the trial court is affirmed.