## NEW AMSTERDAM CASUALTY CO. v. HAMBLEN et al.

### No. 11691.

Court of Civil Appeals of Texas. Galveston. March 22, 1945.

Rehearing Denied April 12, 1945.

Thomas E. Mosheim, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellant.

J. S. Bracewell and Fentress Bracewell, both of Houston, for appellees.

GRAVES, Justice.

This is a suit on an indemnity contract, in the form of a written policy, brought by W. P. Hamblen, Sr., and Carrie B. House, executors of the estate of H. C. House, deceased, as plaintiffs, against the New Amsterdam Casualty Company, as defendant, to recover attorney's fees incurred by plaintiffs' decedent in defending a personal injury suit, which plaintiffs alleged should have been defended by defendant.

The indemnity contract sued upon is a public liability policy, covering premises, which were, at all times material herein, owned by plaintiffs' decedent, and under lease to J. C. Penney Company. On February 13, 1937, a Mrs. Dorothy Mohr sustained personal injuries in a fall on these premises, and, joined by her husband, filed suit thereon August 4, 1937. Defendant was first notified of this accident and suit on March 9, 1938, and it thereupon entered into a nonwaiver agreement with plaintiff; after investigating the accident and reasons for the delay of notification, it determined that it was under no duty to defend this suit, because of the length of time that had elapsed after the accident and fil-

*ing of suit,* before notice of either had been given to it.

The plaintiffs in the suit at bar alleged that the defendant had the duty to defend the prior personal injury suit, because the delay in giving notice had resulted in no loss or damage to the defendant.

On the trial, the jury found—in response to special issues submitted—that notice of the accident and the pendency of such suit thereon had not been given within a reasonable time, but that defendant had suffered no loss or damage due to this delay, and that $1800 was a reasonable attorney's fee for plaintiffs' defense of this suit brought by Mrs. Mohr. The court, on November 6, 1944, overruled defendant's motion for a judgment non obstante veredicto, and entered judgment, "in accordance with the verdict", for plaintiffs in the amount of $2100, it having been stipulated that $300 had been expended in addition to attorney's fees, in defense of this suit.

The single proposition of law upon which appellant bases its prayer to this court for rendition of the cause in its favor, or, in the alternative, for a remand thereof for another trial below, is, in substance, this: "The trial court erred in * * * ruling as a matter of law that the failure to give notice of the accident and notice of the filing of the suit within a reasonable time, as so found by the jury, would not invalidate the claim, where, as here, there was no showing that loss or damage had resulted to the insurer due to such delay; whereas, the specific terms of this policy, and the settled law of Texas, make the giving of notice within a reasonable time a condition precedent to recovery, independent of any showing of loss or damage."

The appellee, on the other hand, takes direct issue with appellant's stated position in these two slightly edited counter-points, and an accompanying fuller statement of the attending facts, which has been found to be substantially correct, to-wit:

"I. The judgment of the trial court is correct, since the evidence showed that failure to give immediate notice was wholly unintentional, and the jury found that no injury resulted."

"II. Even if * * * the *notice-provision* in the policy was a condition precedent, the judgment * * * should stand, because the evidence showed—as a matter of law—a waiver of such provision, and an estoppel to assert non-compliance."

"The policy involved bound the appellant to defend 'any suit' against assured, even if groundless, brought on account of any accident covered by this policy. After the phrase 'subject to the following conditions' followed alphabetical conditions through the letter N. * * * Condition 'E' provided that no action should lie against the company until the amount was liquidated by judgment, or agreement. The *policy nowhere expressly provides that no action shall lie, unless reasonable notice had been given.* The policy does not provide that any of the conditions are precedent, or that forfeiture shall result from *violation,* and the term 'condition' *is not* defined in the policy. The word 'suit' is not defined."

" 'Condition K' provided for a cancellation of the policy by either party. If cancelled by the assured for any other reason than retiring from business, the company was entitled to retain the earned premium, calculated on the Short Rate Table contained on the back of the policy; it ran for a period of three years, with an aggregate premium of $387.00, payable $193.-50 on the issuance of the policy, $116.10 on the 6th day of June, 1937, and $77.40 on the 6th day of June, 1938. All of these premiums were paid as and when due; there had, therefore, been paid on the 8th day of March, 1938, the day on which Mr. Hamblen notified the company of the suit, the sum of $309.60, and, based on the Short Rate of Cancellation, there was unearned premium in the hands of the assured on that date in the sum of $64.63; when appellee Hamblen discovered the pendency of *the suit on March 8, 1938, he immediately* (not the next day as stated by appellant) notified appellant of all the circumstances of the delay; on the next day, the so-called non-waiver agreement was presented and signed; the *non-waiver agreement* provided generally that 'no action' taken by the New Amsterdam Casualty Company should be construed as a waiver of the right, 'if any', of the company to deny liability; it provided, further, as follows: 'It is also agreed that by the execution of this agreement the undersigned does not waive any right under the said policy.' * * *

"On June 21st the company, through its attorneys, Baker, Botts, Andrews & Wharton, denied liability, by reason of the delay in apprising it of the filing of the suit."

Appellant's position is grounded alone upon *the notice provision of the policy in*

suit, which it correctly quotes as follows: "Notice to Company, Condition B: The assured shall give immediate written notice of any accident, and like notice of any claim or suit resulting therefrom, together with every summons or other process, to the executive office of the company, at Baltimore, Maryland, or to its authorized representative, provided, however, that the failure to give such immediate notice shall not invalidate any claim made by the assured, if it shall be shown not to have been reasonably possible to give such notice immediately and that notice was given as soon as was reasonably possible."

It insists that, under those specific terms of the policy, as well as the settled law of Texas as declared in these decisions of its appellate courts in construing contracts of identical legal import, failure to give the "immediate" notice in this instance constituted an absolute condition precedent to any recovery by the appellees, wholly independent of the fact that they so pled and proved that appellant had in fact suffered no loss nor damage as a result of not having been so notified, to-wit: Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 222 S.W. 966; Texas Glass & Paint Co. v. Fidelity & Deposit Co., 1922, Tex.Com. App., 244 S.W. 113; Overland Sales Co. v. American Indemnity Co., 1923, Tex.Civ. App., 256 S.W. 980; Maryland Casualty Co. v. W. C. Robertson & Co., 1917, Tex. Civ.App., 194 S.W. 1140; General, etc., Assurance Corporation v. Butler's Ice Cream Factory, 1928, Tex.Com.App., 5 S. W.2d 976; Ætna Life Ins. Co. v. Tipps, 1936, Tex.Civ.App., 98 S.W.2d 375; Texas Glass & Paint Co. v. Fidelity & Deposit Co., 1921, Tex.Civ.App., 226 S.W. 811; Travelers Ins. Co. v. Scott, 1920, Tex.Civ. App., 218 S.W. 53.

After a review of the record and of the authorities bearing thereon, especially the Texas holdings—inclusive of those appellant so relies upon—it is the conclusion of this court that they do not rule the case at bar, mainly upon these considerations:

■ (1) When the other cited provisions of the policy are looked to, it seems a reasonable construction to conclude that the parties, in "Condition B", did not intend it to be so strictly construed as to cause the forfeiture of any claim that might be belatedly reported, but, rather, that it should be more liberally applied—the conspicuous absence of any provision that no action should lie unless immediate notice

had been given, that no forfeiture was specified, nor that any "condition" was intended to be either precedent or to lay an irredeemable obligation upon the obligor, seem to so import. Fidelity & Casualty Ins. Co. of New York v. Mountcastle, Tex.Civ. App., 200 S.W. 862; General Accident, Fire & Life Assurance Corporation v. Butler Ice Cream Factory, Tex.Civ.App., 291 S.W. 674, affirmed by Supreme Court, Tex. Com.App., 5 S.W.2d 976; Sun Mutual Ins. Co. v. Mattingly, 77 Tex. 162, 13 S.W. 1016; Western Indemnity Co. v. Free and Accepted Masons of Texas, Tex.Civ.App., 188 S.W. 1092.

■ (2) The essential objectives of the expressed notice provision in this particular contract appear—from the jury's findings and the undisputed evidence otherwise—to have been fully afforded appellant; the delay of seven months neither visited any injury upon nor prevented it from making a defense in the Mohr suit; to the contrary, it was shown to have been conversant with the entire development and progress of that controversy, sat in at the trial thereof, taking no part therein, and did not deny liability to appellees because of it alone until June 21 of 1938.

■ (3) Our Texas cases, cited in foregoing paragraph (1), contrarily to appellant's deduction of the rule in this state from the cited authorities it so relies upon, appear to this court, from the rationale running through them all, to hold, instead, that the controlling legal question in the construction of such indemnity contracts of insurance as this one, is, at last, "What did the parties intend?" And that they should not be held to have intended from naked language alone, running on a legal parity with quoted "Condition B" here, that a failure vel non to literally give the "immediate" notice called for would perforce visit a forfeiture and nullification of all rights of the assured under the policy, although it conclusively appeared that a belated delay, like that in this instance, had both been unintentional upon the assured's part, and caused the insurer no loss, injury, or hindrance.

■ There seems to be a line of continuity of decision to the effect just stated in paragraph (3) in Texas, on a legal equivalent of the same state of facts, running down and apparently stemming from the holding of the Supreme Court of Arkansas, in Hope Spoke Co. v. Maryland Casualty

Co., 102 Ark. 1, 143 S.W. 85, 88, 38 L.R.A., N.S., 62, Ann.Cas.1914A, 268, the substance of it appears in this abstract of the opinion: "In the absence of an express stipulation declaring this requirement to be of the essence of the contract and, therefore, a condition precedent to the right of recovery, we do not think that it is correct to say that such a requirement is of the essence of the contract unless it is shown to materially affect the rights of the parties in the given case. It is not correct to say that a stipulation of this kind as to giving notice is of the essence of the contract unless it becomes material to the rights of the parties. We fail to see why it should be so in an insurance policy any more than in any other kind of a contract where strict compliance with every specification of the contract is generally held not to be of the essence of the contract unless made so by the terms of the contract or by necessary implication. Lenon v. Mutual Life Ins. Co., 80 Ark. 563, 98 S.W. 117, 8 L.R.A.,N. S., 193 * * * [10 Ann.Cas. 467]. Appellee received notice of the accident in time to make a full investigation and to investigate to its satisfaction. It is not claimed that it suffered any loss or injury by reason of not having received the notice earlier. The defense is purely technical and without any substantial merit."

(5) In addition to the Hope Spoke case, these further non-Texas authorities applying the same rule of decision are cited: Volume 123, A.L.R., page 984; Home Indemnity Co. v. Banfield Packing Co., 188 Ark. 683, 67 S.W.2d 203; St. Paul, etc., v. United States Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14; Walker to Use of Foristel v. American Automobile Ins. Co., 229 Mo.App. 1202, 70 S.W.2d 82.

(6) It is deemed unnecessary to undertake either a distinguishment, or a critical review, of the cases appellant so relies upon as declaring what it conceives to be the law in Texas governing the construction of this policy; suffice it to say this much:

(a) In Hefner v. Fidelity, etc., Co., 110 Tex. 596, 222 S.W. 966, there is a total absence of any determination of whether there was a full investigation made by the Insurance Company, or whether there affirmatively appeared to have been no injury to it.

(b) In Texas Glass & Paint Co. v. Fidelity, etc., Co., Tex.Com.App., 244 S.W. 113 (also, Tex.Civ.App., 226 S.W. 811), the Supreme Court's opinion is silent upon either whether that record showed that an investigation had been made, or any injury resulted to the insured.

(c) The Texas Glass Co. v. Fidelity Company opinions cite Travelers Ins. Co. v. Scott, Tex.Civ.App., 218 S.W. 53, 56, in which this radically different provision from any in the contract here involved appeared in the policy of insurance there at issue, to-wit: "Red Seal: An imperative condition of this policy is that accident be reported immediately."

(d) Of similar purport, to a degree at least, was this court's decision in Overland Sales Co. v. American Indemnity Co., Tex. Civ.App., 256 S.W. 980. Moreover, perhaps the controlling inquiry there was, whether the Lea firm was authorized to receive the notice for the insurer, which this court held was not shown. Further, no question of injury to the insurer from a failure to promptly get a notice, or whether any injury was involved, appeared. However, appellee's brief in this cause discloses that the record of that cause in the trial court's office shows that the question of such an injury was a material issue therein.

Further discussion is deemed unnecessary, since these conclusions are thought to determine the merits of the appeal; if they do, it would be a work of supererogation to determine the further contention of the appellee herein to the effect that, even if the notice provision in this policy was such a condition precedent as appellant asserts, the evidence showed, as a matter of law, a waiver thereof by, and a consequent estoppel against, appellant to assert a noncompliance therewith.

It is ordered that the judgment of the trial court be affirmed.

Affirmed.