**Catherine E. Laib, Plaintiff in Error, v. Fraternal Reserve Life Association, Defendant in Error.**

**Gen. No. 16,790.**

1. INSURANCE—*contract.* A pamphlet sent out by agents of an insurance company, making representations as to the plans upon which it insures, is to be regarded as part of the contract of insurance entered into upon the faith of the representations, and is to be considered in connection with the policy in determining what the contract was.

2. FRATERNAL BENEFIT SOCIETIES—*evidence.* In an action by a beneficiary on a benefit certificate, where defendants contend that the certificate is subject to a deduction of one-half its face value, it is error to exclude a pamphlet offered in evidence by plaintiff to show that the agents of defendant had authority to issue the certificate payable in full.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed January 27, 1913.

DONALD GROVER, for plaintiff in error; FRANCIS J. SULLIVAN, of counsel.

ROBERT H. LOVETT and MILLARD R. POWERS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This action was brought in the Municipal Court by plaintiff in error, widow of Gus Laib, on a benefit certificate issued by the defendant in error, a fraternal beneficiary association organized under the laws of Illinois, to Gus Laib. After the evidence was heard the court directed a verdict for the defendant, denied plaintiff's motion for a new trial, entered judgment on the verdict, and the plaintiff prosecutes this writ of error. The benefit certificate sued on is headed (in capital letters):

*"RATE 1.60, CLASS B. CERTIFICATE, AMOUNT $1,000, AGE 38."*

It states that it is issued by defendant and witnesses that Gus Laib is a member of a certain Lodge of the Association, entitled to participate in the benefit fund in the maximum sum of one thousand dollars, to be paid to his wife, Catherine Laib. Gus Laib was thirty-eight years old when he joined the Association, and the rate for a benefit certificate of $1,000 as prescribed by section 37 of the Constitution was 95 cents.

Section 57 provides that, "the maximum sum named in each benefit certificate maturing by death within the first five years of the membership shall be scaled or diminished as follows, that is to say: If the certificate so mature within the first year of the membership, one-half of said maximum sum of face value be withheld from the beneficiaries and remain in the benefit fund."

The contention of defendant in error is that under said section 57 one-half only of the one thousand dollars was payable, because death occurred during the first year. This sum was paid and received under an agreement that no right to recover the remaining $500 was thereby waived.

Section 87 is as follows:

"OTHER BENEFIT CERTIFICATES. The Board of Directors with the consent and approval of

the Supreme president, Supreme secretary and Supreme attorney, may authorize the issuance by this association of benefit certificate, providing an indemnity for a term of years only; of benefit certificates not subject to scale or deduction for early deaths; or benefit certificates covering the joint lives of both husband and wife, and as to each of said benefit certificates, the Board of Directors may prescribe such terms, rates and conditions as may to said board appear just.''

Plaintiff offered in evidence a pamphlet of eight pages, purporting to be issued by the defendant Association, containing a list of its officers and directors and other matters relating to the Association. This pamphlet was delivered to Gus Laib by William Miller, a solicitor for the defendant, who also delivered to Laib his benefit certificate, and was found after Laib's death with his certificate and receipts. Plaintiff called Miller as a witness and asked him whether said pamphlet was in general use by the Association; and also how many kinds of contracts were issued by defendant at the time the contract sued on was issued; and also if he knew what kind of a certificate was issued to Gus Laib; and also whether the rate stated in said pamphlet was the rate under which the certificate of Gus Laib was issued, and whether the card of rates set out in said pamphlet was the rate card of the defendant; but the court sustained defendant's objections to all of said questions and to the admission of said pamphlet in evidence.

In Southern Mut. Life Ins. Co. v. Montague, 84 Ky. 653, it was held that where an insurance company sends out by its soliciting agents a pamphlet making representations as to the plans upon which it insures, such pamphlet is to be regarded as part of a contract of insurance entered into upon the faith of the representations contained therein, and is to be considered in connection with the .policy in determining what the contract was.

Section 37 of the Constitution provides that every "benefit member" admitted at the age of thirty-eight shall pay 95c. each month for $1,000 benefits. Section 57 provides for the scaling of the sum named in a benefit certificate if death occurs within five years. Section 87 provides that the directors may authorize the issuance of benefit certificates, "not subject to scale or deduction," but the constitution or by-laws do not prescribe the rates to be paid for such certificates. The constitution only fixes the rates for certificates subject to scale or deductions, and the presumption would be, where a certificate was issued at the rate fixed by the constitution, that such certificate was subject to scale or deduction. But the rate charged by the defendant for the certificate issued to Laib was not the rate fixed by the constitution, but a much higher rate, $1.60 per $1,000 instead of 95c., and we think that the plaintiff might show, if she could, that the certificate issued to her husband was authorized to be issued by the directors of the defendant, pursuant to the authority conferred on them by section 87 of the constitution, and was payable in full without scaling or deductions.

We are clearly of the opinion that evidence tending to show that the defendant authorized its agents and solicitors to use such pamphlet in canvassing for new members, and any evidence tending to show that such pamphlet was issued by the defendant was admissible, and that on the evidence admitted, the pamphlet was admissible as evidence tending to show that the certificate issued to Laib was payable in full, and that the court erred in sustaining defendant's objections to the questions put to Miller and in excluding the pamphlet offered in evidence by the defendant.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*